## SAMUEL VEAZIE v. IRA WADLEIGH ET AL.

On the trial of a cause in the circuit court of the district of Maine, upon certain questions which arose in the progress of the trial, the judges of the court were divided in opinion, and the questions were, at the request of the plaintiff, certified to the Supreme Court, to January term, 1835. In December, 1836, the plaintiff filed in the office of the clerk of the circuit court of Maine, a notice to the defendant that he had discontinued the suit in the circuit court, and that as soon as the Supreme Court should meet at Washington, the same disposition would be made of it there, and that the costs would be paid when made up. A copy of this notice was given to the counsel of the defendants. The plaintiff's counsel asked the Court for leave to discontinue the cause ; and the discontinuance was allowed.

Quere. Whether the party on whose motion questions are certified to the Supreme Court, under the act of congress, has a right, generally, to withdraw the record, or discontinue the case in the Supreme Court; the original cause being detained in the circuit court for ulterior proceedings.

ON a certificate of division from the circuit court of the United States for the district of Maine.

An action of trespass was instituted in 1835, in the circuit court of the district of Maine; and the question between the plaintiff and the defendant was as to the title in certain lots of ground, described in the declaration, in the county of Penobscot, in the state of Maine.

The case came on to be tried before the circuit court at October term, 1835; and the judges of the court being divided in opinion on certain questions arising in the trial of the cause, the same were, at the request of the plaintiff, by the order of the court, certified to the Supreme Court of the United States. The case was docketed at January term, 1836.

On the 15th of December, 1836, the plaintiff filed a notice in the circuit court, that the case then under a certificate of division to the Supreme Court of the United States, was discontinued in the circuit court; and that the same would be discontinued in the Supreme Court at Washington, as soon as that Court would meet. The notice also stated the readiness of the plaintiff to pay the legal costs of the defendant, when the same should be made up. Notice of this paper was given to the defendants.

Mr. Smith and Mr. Butler, of counsel for the plaintiff, moved the Court to discontinue the case.

Mr. Webster, against the motion, stated that the action had been brought to try the title to a very valuable quantity of land in Maine; and on the trial the questions, which were decisive as to the rights of the parties to the controversy, had been certified to this Court. The cause was continued at the last term of this Court, at the instance of the plaintiff, and now he asks the discontinuance of the case. This cannot be done by either party without the consent of the other. This is the general ground of objection.

At present, there is no discontinuance on the record of the circuit court in Maine, for no discontinuance can take place in vacation. But if application had been made to the circuit court to allow the discontinuance, that court had no power over the case. There is no statute of Massachusetts or of Maine, declaring the cases in which a plaintiff may discontinue. The authority referred to from Dane's Abridgment, is applicable to costs only. It does not recognise it as a general doctrine, that a plaintiff may always discontinue.

A discontinuance after the trial, is always in the discretion of the court; and the rule is universal, that when any thing has occurred in the course of the cause, which gives the defendant an interest to have the case decided, the plaintiff cannot discontinue. This is stated in 5 Dane's Abridg. 672, 6 Dane's Abridg. 194, art. 1, sect. 12, and in the cases referred to.

These authorities show that there cannot be a discontinuance by the plaintiff where there has been a reference under a rule of court; as the defendant has, by the reference, acquired an interest in the termination of the cause.

The present proceeding is entirely a statutory one, and it was intended to take the place of a provision which should give to the parties in a case a full opportunity of having a final decision in this Court over those questions which, when decided, would govern the circuit court in the case. In the early history of the circuit courts there was no such provision, and when a difference of opinion prevailed between the judges of the court, the case was adjourned to the succeeding term, until another judge of the Supreme Court should hold the circuit court; these courts being then held by the judges of the Supreme Court sitting in rotation or in succession, in each circuit; and if the court should again be divided in opinion, the judge of the Supreme Court holding the court, should decide. The act of 1802, 3 Laws U. S. 482, was passed after the judges of the Supreme Court were assigned to each circuit.

[Veazie v. Wadleigh.]

Two ejectment suits, involving the same questions as those presented in this cause, were depending when the case was certified. The defendant has, therefore, an interest to have the questions settled. But whether he has, or not, it is enough, under the provisions of the act of congress, that he desires to have the law settled.

All the proceedings under this statute are prescribed by it. Nothing is said about the case being withdrawn. The questions upon which the court may divide in opinion are to be certified, and the Supreme Court are to decide upon them; and certify their decision to the circuit court. When this is done, the plaintiff may discontinue the cause, with the consent of the circuit court; but until the cause is again in the circuit court, he has no power over it. But it is not denied that, both parties agreeing, the case may be withdrawn.

By the provisions of the law, the case may be certified, at the instance of either party; and in the present case, it was done by the plaintiff. The defendant might have done it. The law says the division shall be certified, and that the Supreme Court shall decide it.

Rule nineteen of this Court, relating to writs of error, provides that the plaintiff in error shall not discontinue. If he does, the defendant may go on. This rule, by analogy, applies to the case before the Court. Cited 12 Mass. 49, as to Discontinuances.

Mr. Smith, and Mr. Butler, for the plaintiff, contended that the plaintiff had a full right to discontinue the case in the circuit court, where it was still pending; the certificate not having removed it into this Court. The law of Maine recognises this right. 5 Dane, Abridg. Tit. Discontinuance, 671. The case in 15 Mass. Rep. 179, is to the same point.

This is not like a discontinuance after verdict. After this Court shall have decided the questions certified, a jury must be called, and the case will proceed. Nothing is in the Supreme Court but the questions certified, and they are only incidents to the case. By the statute, notwithstanding the fact that questions on which the judges of the circuit court have differed, have been certified, the cause may go on and be tried, unless the questions are such as to prevent it. Cited Wayman v. Southard, 10 Wheat. 1. United States v. Daniel, 6 Wheat. 542.

These cases show, that if the decision on the questions certified

VOL. XI.—H

[Veazie v. Wadleigh.]

shall be a decision of the cause, yet this Court cannot give judgment; nor can the whole case be sent up to this Court for decision.   U. S. v. Bailey, 9. Peters, 273.

What were the rights of the parties in the circuit court?   We aver, that either of them could have had the questions on which the judges differed in opinion certified to this Court.   The plaintiff alone has chosen to exercise this right.   It is admitted that these questions are important; but, if the defendant chose to take the chance of the plaintiff's discontinuing the cause here, he must abide by the consequences.   He omitted to secure the decision of this Court on these questions, by requesting to have them certified; and the case is now before this Court, on the request of the plaintiff only. He withdraws it from the court, and what, then, is its authority to proceed?   Until the argument of the case comes on, the record is not here for the benefit of both parties.   It is here until then, only for the party at whose request it has been certified.   This does not apply to costs.

It will not be denied, that if this case had been discontinued by order of the court below, this Court would not afterwards go on. Has there been a discontinuance?   Has it not been substantially withdrawn from the circuit court?   It is technically correct to say a case cannot be discontinued, without the act of the court in which it is depending; but, yet, substantially, a discontinuance may be made in vacation, which will have the effect of a discontinuance.

It is understood that the act of the plaintiff in this case, is, according to the practice in Maine, a discontinuance; and that he cannot now go on in the circuit court with the cause.   The paper having been filed, it has become the property of the court, and of the defendant; and the plaintiff cannot afterwards appear in the case.   The paper states that the case is discontinued; and this has been followed up by the application now made.   No more proceedings can take place.   In England, on the filing of such a paper, the court would order a nonsuit.

The statute of Maine, on giving costs on a discontinuance, affirms the right.   By the common law, no costs were given on a discontinuance, except in certain cases on the condition of paying costs. After the jury has retired, and after they have returned, and are ready to give their verdict, the plaintiff must be called, and he may retire.   The penalty of costs is imposed in such cases.   It is when a party seeks to discontinue without costs, he must apply to the court.

[Veazie v. Wadleigh.]

As to the case of a reference under a rule of court, in which it is admitted neither party can withdraw, here, by agreement, the cause is out of court, and neither party can go to court and discontinue, without the consent of the other. A different tribunal has been substituted, and each party has a right to its adjudication of the case. But there is no such right in this case.

Suppose the case had been argued and decided in this Court, on the points certified, and had gone back to the circuit court of Maine; could that court proceed in the cause, if the plaintiff, on being called, does not appear? Could a venire be issued, and a jury be called? Could he not after the jury was sworn, suffer a nonsuit? If all this may be done after the cause has proceeded so far, may not the same be done in an earlier period of the proceedings?

Mr. Justice STORY delivered the opinion of the Court.

This is a case certified from the circuit court for the district of Maine, upon a division of opinion of the judges of that court, upon certain questions which arose in the progress of the trial of the cause. These questions were certified to this Court at the last term, upon the motion of the plaintiff. On the 15th of December last, the plaintiff filed in the clerk's office of the circuit court, (it being vacation,) a written declaration, as follows:—" I hereby notify you that the action of trespass, which is now pending in said court, to await the decision of certain questions carried up to the Supreme Court, is discontinued by me; and that the same disposition will be made of the case in the Supreme Court at Washington, as soon as it meets at Washington. You will therefore please to file this in the case, and notify the counsel for the defendants of the same, and that their legal costs in the said circuit court may be immediately made up, and the same will be paid." Due notice was accordingly given to the counsel of the defendants; and the counsel for the plaintiff have accordingly, at the present term, made a motion in this Court, under these circumstances, to discontinue the cause here, and to withdraw the record. The motion is resisted on the other side, upon the ground that the defendants have an interest in having these certified questions decided by this Court; of which they cannot be deprived without their own consent, by the dismissal of the cause.

The point is confessedly new, and we have therefore thought it right, after the argument, to give it full consideration, with reference to the future practice of the Court.

[Veazie v. Wadleigh.]

The act of 1802, ch. 31, sec. 6, under which this case has been certified, provides, "That whenever any question shall occur before a circuit court, upon which the judges shall be opposed, the point upon which the disagreement shall happen, shall, during the same term, upon the request of either party, or their counsel, be stated, under the direction of the judges; and certified, under the seal of the court, to the Supreme Court, at their next session to be held thereafter, and shall, by the said Court, be finally decided. And the decision of the Supreme Court, and their order in the premises, shall be remitted to the circuit court, and be there entered on record, and shall have effect according to the nature of the said judgment and order; provided, however, that nothing herein contained shall prevent the cause from proceeding, if, in the opinion of the court, further proceedings can be had without prejudice to the merits."

In construing a statute providing for such a novel mode of obtaining the decision of an appellate court upon the matters of controversy between the parties, it is not surprising that there should be some difficulty in ascertaining the precise rights of the parties; whether the party upon whose motion the questions are brought here, is to be treated like a plaintiff in error, as entitled to dismiss his own certified cause at his pleasure; or whether the other party is entitled to retain the cause for his own benefit, and to insist upon a final adjudication of the questions here. It is clear that the statute does not, upon the certificate of division, remove the original cause into this Court; on the contrary, it is left in the possession of the court below for the purpose of further proceedings, if they can be had without prejudice to the merits; so that, in effect, the certified questions only, and not the original cause, are removed to this Court. In the next place, looking to the intent and objects of the provision, which are to enable the court below to proceed to a final adjudication of the merits of the cause, it seems equally clear, that if the original cause is entirely withdrawn from the cognisance of the circuit court by discontinuance, or otherwise, there is no ground upon which this Court should be required to proceed to decide the certified questions, since they are thus become mere abstract questions. They are but incidents to the original cause, and ought to follow the fate of their principal. We have no doubt, then, that upon the true construction of the statute, if a discontinuance had been actually entered in the circuit court of Maine, in term, the record here ought not further to be acted upon by us - but a withdrawal or dismissal of the certified ques-

[Veazie v. Wadleigh.]

tions ought to be allowed. If it were necessary to accomplish this object in the most formal way, we should order the case to stand continued until the next term of this Court; so that the plaintiff might, in the intermediate time, make an application to the circuit court in term, to enter a discontinuance thereof in that court.

The only point of difficulty is, whether the filing of the above paper in the circuit court, in vacation, constitutes, per se, a discontinuance of the original cause; without any action of the circuit court thereon, upon which this Court ought now to act. According to the practice of some of the courts in the Union, it is understood to be the right of the plaintiff to enter a discontinuance of the cause at any time, either in term or in vacation, upon the payment of costs, before a verdict is given, without any formal assent of, or application to, the court; and that thereupon the cause is deemed, in contemplation of law, to be discontinued. In Massachusetts and Maine, a different practice is understood to prevail; and the discontinuance can only be in term, and is generally upon application to the court. In many cases, however, in these states, it is a matter of right. In Haskell v. Whitney, 12 Mass. R. 49, 50, this doctrine was expressly recognised. The court, on that occasion, said: " The plaintiff or demandant may, in various modes, become nonsuit, or discontinue his cause at his pleasure. At the beginning of every term at which he is demandable, he may neglect or refuse to appear. If the pleadings are not closed, he may refuse to reply, or to join an issue tendered; or after issue joined, he may decline to open his cause to the jury. The court also may, upon sufficient cause shown, allow him to discontinue, even when it cannot be claimed as a right, or after the cause is opened and submitted to the jury." Before trial, then, the plaintiff may, in many cases, as a matter of right, discontinue his cause according to the practice of the state courts; at any time when he is demandable in court. After a trial or verdict, he can do so only by leave of the court, which it may grant or refuse, in its discretion. But, under ordinary circumstances, before verdict, it is almost a matter of course to grant it upon payment of costs, when it is not strictly demandable of right.

Under the circumstances of the present case, we have no doubt that the plaintiff is estopped, hereafter, to withdraw his assent to the discontinuance of his suit in the circuit court; and that that court possesses full authority to enter such discontinuance at its next term, upon the mere footing of the paper filed in the clerk's office, without

any further act of the plaintiff. We think, too, that it would be the duty of that court to allow the entry of such discontinuance, upon the application of the plaintiff; as he certainly has a right, in that or some other form, to decline to proceed further in the suit, or to prosecute it further, subject to the payment of costs to the defendants. In substance, then, we think the original cause in the circuit court ought now to be treated by us as virtually at an end, for all the purposes of requiring our decision upon the certified questions; and that the motion to withdraw the record, and discontinue the case, ought to be granted.

In making this decision, we wish to be understood as not meaning to intimate that the party, upon whose motion any questions are certified to this Court under the statute, has a right, generally, to withdraw the record, or discontinue the case here; while the original cause is retained in the circuit court for ulterior proceedings. That is a point of a very different nature from that now before us, and may require very different principles to govern it. It will be sufficient to decide it, when it shall arise directly in judgment.


On consideration of the motion made in this cause, on a prior day of the present term of this Court, to wit: Thursday, the 12th inst. by Mr. Smith, of counsel for the plaintiff, to dismiss this cause, and of the arguments thereupon had, as well in support of as against the motion, it is now here considered by the Court, that said motion be, and the same is hereby granted. Whereupon it is now here ordered and adjudged by this Court, that this cause be, and the same is hereby dismissed.