# STOLL v. BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY.

Costs — Liability of County for, in Criminal Case Taken to Another County on Change of Venue — Reserved Questions.

1. The county in which a criminal prosecution is originally instituted is, in case of change of venue to another county, liable in the first instance for such of the costs as are properly a county charge which are incurred in the proceedings in the county to which the action is removed, and it is not required of the latter county to first audit and allow the same.

2. Such costs are not in any sense a debt or liability of the county to which the case is taken on change of venue. They are chargeable against the county wherein the prosecution originated.

3. It is only when an important or difficult question actually arises in an action or proceeding pending before the district court that the same is authorized to be reserved and sent to

the Supreme Court for its decision. If any question pro-
pounded does not arise in the action or proceeding, the judg-
ment of the Supreme Court should not be expressed thereon.

[Decided March 3, 1896.]

RESERVED questions from the District Court of the
County of Johnson. HON. W. S. METZ, Judge.

This was an action brought by Walter R. Stoll as
assignee of the claims of several witnesses to recover
from Johnson County their fees for attendance upon a
certain criminal prosecution at the trial thereof in Lara-
mie County; said prosecution having been originally
instituted in Johnson County, and removed on change of
venue to the county in which trial was had. The facts
and questions involved are fully stated in the opinion.

*Charles H. Burritt* and *W. R. Stoll* for plaintiff.

The first question divides itself into two parts: 1st.
Had the Clerk of the Laramie County court authority to
draw an order against Johnson County? 2d. Are the
certificates void?

The first part of the question is best answered by a
reference to the certificates. The Clerk did not draw any
*order*, in any shape whatever, upon or against Johnson
County. He merely states, in the form of a certificate,
that a certain witness has attended at a term of court in
Laramie County; that he is entitled to pay for a certain
number of days in attendance and for a certain number
of miles traveled. He also states that the same is pay-
able by Johnson County. He does not attempt to *order*
or *request* Johnson County to pay the same, nor can the
certificates be considered an *order* in any form.

Each certificate is a mere piece of evidence. It is a
statement by one in authority to the effect that, under
the laws of this State, a certain person, by virtue of
having done certain things, is entitled to be paid, by a
certain county, a certain sum of money. He certi-
fies to this statement under the seal of a court, thereby

imparting verity to the certificate. If the witness does attend as stated by the court, and does travel the number of miles as also stated, then the statutes say that he shall be paid a certain sum. The *certificate* is merely a voucher that the man has so attended, and has so traveled.

Second: Are these certificates *void?* These certificates do not purport to be judgments. They do not purport to be conveyances. They do not purport to be contracts. How can the word *void* be used in speaking of the character of the certificates?

"*Void* properly means of no legal force, null, and incapable of confirmation or ratification." (Abbott's Law Dict., Vol. 2, p. 638.)

"Void in its most unlimited sense implies an act of no effect at all, a nullity *abinitio.*" (Abbott's Law Dict., Vol. 2, p. 638.)

These certificates do not purport to be anything but. what they are, mere statements of facts which entitle the persons named to receive of certain counties certain sums of money, and, as such, they may be used as vouchers that the sums have been paid. They give information to the auditing body which will enable such body to act intelligently in the premises. For such purposes, and no other, were they designed, and for such purposes, and no other, are they used.

We make no effort to enforce them as judgments, or conveyances, or as contracts. The persons to whom they were issued are entitled to receive from a certain county, certain sums of money, by virtue of the facts recited in the certificates, of which facts they are evidence for an auditing body. While there is no statute specifically requiring such certificates, they are a very convenient. means of furnishing the auditing board with the information such board must have before it can act. As they purport no purpose other than what they show on their face, there is nothing about them which contains any element of voidability.

A certificate is defined to be "a statement in writing

by a person having a public or official status, concerning some matter within his knowledge or authority." (Am. Enc. Law, Vol. 3, p. 59.)

The certificates in this case are merely evidence of what the order of the court was as to the amount each witness was entitled to receive. We may admit, for the sake of argument merely, that the order of the court allowing these claims is not conclusive; but, it is certainly conclusive in the absence of any other evidence.

The facts alleged in the petition clearly make out a *prima facie* case against the county.

Barnes v. The County of Marion, 6 N. W., 697; Trant v. State, 140 Ind., 414; Washoe County v. Humboldt County, 14 Nev., 123; Waushara County v. Portage County, 52 N. W., 1135.

The averments of the petition and the certificates themselves show that they were issued by the court upon a determination, by the trial court, of the amounts due.

A mere reading of these sections of the statute (1801 and 3276 R. S.) plainly shows that the county in which the indictment was found is the county which is liable for the costs.

If, then, Johnson County is liable for these costs, and if Laramie County must settle and allow accounts chargeable *against* Laramie County, by what authority could the Board of County Commissioners of Laramie County allow and pay accounts chargeable against Johnson County? It is the duty of the county in which the indictment is found to prosecute the crime. The burdens of that prosecution must be borne by the county which has found the indictment. What reason is there for such county to ask that its burdens should be borne by another county? If the legislature had intended that the county in which the trial was had should pay the expenses of the trial and then present a bill to the county from which the change was made, it would have said so.

Crime is local. The indictment must allege and prove the county in which the crime is committed, and the

offense can not be indicted in another county. What reason, then, is there for even the suggestion that the county of the offense, the county of the indictment, should not bear the burdens resulting from the offense? What reason is there that another county should bear its burdens? Why should the trial county pay out its money for the county of the indictment? If Laramie County had paid these costs, it would have been obliged to issue warrants for their payment. These warrants, once issued, would have been enforceable against Laramie County. The taxpayers of Laramie County would have been obliged to pay them. Why should the taxpayers of Laramie County pay out their money for costs which the statute says is properly chargeable against Johnson County, even temporarily assuming that it could be recovered from the latter county. (See White v. Mason Co., 7 Tex., Civ. App., 441; Watson v. Moniteau Co., 53 Mo., 133; State Ex rel. v. Clark, 57 Mo., 25; Bright v. Pike Co., 69 Mo., 519; Com'rs. v. State, 49 O. St., 373; Waushara Co. v. Portage Co. (Wis.), 52 N. W., 1135; Com'rs. v. Monroe Co., 39 Ia., 349; Barry Co. v. Supervisors, 33 Mich., 496; Wapello Co. v. Monroe, 39 Ia., 349.)

No appearance for defendant.

POTTER, JUSTICE.

The plaintiff brought this action in the district court to recover from the county of Johnson the amount of certain witness fees, the claims for which had been assigned to the plaintiff. The fees thus claimed are alleged to have accrued to sundry witnesses who were in attendance upon the trial of a certain criminal prosecution originally instituted in the district court of the county of Johnson, taken on change of venue to the county of Laramie, and there tried; that claim for such fees were made to the district court of the latter county, that they were allowed by such court, and certificates therefor issued by the clerk of that court. The petition alleges the due presentation to the defendant, for allowance of an account for such fees, duly

itemized and verified, together with the certificates therefor so issued, and the disallowance of the same. A demurrer was interposed to the petition, on the ground among others, that it fails to state facts sufficient to constitute a cause of action. The other grounds of demurrer are not material to the questions before this court. Upon consideration of such demurrer, the district court reserved the case to this court for its opinion upon the following questions :

First. Had the clerk of the district court of the county of Laramie any authority to draw an order, in the shape of court scrip against Johnson County, as the same appears from the petition of plaintiff in this cause, and are the certificates of such clerk sued on in this case void ?

Second. Is Johnson County liable in the first instance for the costs of the criminal action mentioned in plaintiff's petition, taken on change of venue from Johnson to Laramie County, and there tried ?

We will, for convenience, consider said questions in reverse order. It will be unnecessary to recite or discuss in detail the statutory regulations concerning changes of venue in criminal cases, and we will content ourselves by a reference only to the statute making provision for the payment of costs accruing after the change has been allowed. The last clause of Section 3276 of the Revised Statutes of 1887 controls this matter, and is as follows : " The costs accruing from a change of venue shall be paid by the county in which the indictment was found." We are given to understand, although we have no brief on behalf of defendant, that the ultimate liability of Johnson County is not questioned, but that the contention is that Laramie County is first required to pay such costs, and then recover from the county of Johnson.

It is the duty of the board of the county commissioners of each county to examine and settle all accounts of the receipts and expenses of the county, and to examine, settle, and allow all accounts chargeable against the county, and when so settled and allowed, to issue county orders

therefor as provided by law. (Sec. 1801, Rev. Stat., 1887.) The requirements that the costs accruing from a change of venue shall be paid by the county in which the indictment was found, renders such costs chargeable against the county wherein the prosecution originated; they do not in any sense constitute a debt or liability of the county to which the case is taken, and it is difficult to see how it can be seriously claimed that such latter county, should audit, allow, or pay the accounts or claims arising out of any of the costs of such trial. The commissioners of such county are only authorized to audit and allow accounts which are chargeable against it. The commissioners of Johnson County should not be held concluded, in the absence of a statute to that effect by any such allowance or payment by another county, if made, as the duty is imposed on them to audit and allow such accounts if chargeable against their county.

The costs being payable by Johnson County, we are of the opinion that it is liable in the first instance.

The first question requires our decision as to the authority of the clerk of the court of Laramie County to draw an order in the shape of court scrip against Johnson County, as appears from plaintiff's petition, and whether or not the certificates sued on are void.

It is only when an important or difficult question *arises* in an action or proceeding pending before the district court that the same is authorized to be reserved and sent to this court for its decision. If the question propounded does not arise in the action or proceeding, we are not required in a reserved case to express our judgment thereon, and for obvious reasons should hesitate to do so. An inspection of all the allegations of the petition convinces us that the cause of action sued upon is not the certificates of the clerk of court, but the claims on accounts themselves of the sundry witnesses for their respective fees for attendance and mileage, and we are quite clear that in the consideration and disposition of the demurrer it is not at all material whether the certificates referred to in the peti-

tion are void or not; but it may not be improper for this court to say that with respect to the first subdivision of the question, such certificates do not purport to constitute an order upon Johnson County, or any other county. Each one merely states that a certain person attended as a witness at the November, 1892, term of the court a certain number of days, and is entitled to two dollars per day therefor, and also mileage for a specified number of miles of actual and necessary travel, and that the same is payable by Johnson County. Indorsed on the back appears the following statement: "Any person purchasing this certificate does so at their own risk, as this certificate is simply an unaudited bill against the county." This indorsement clearly indicates the scope of the instrument, so far as the purpose of the officer issuing the same is concerned. It can not be said, in any sense, to amount to an order upon the county liable for the payment of the fees, specified therein. Its effect, at most, independently of any judicial proceeding determined from its own statements is as a voucher in the hands of the party entitled thereto, which may be accepted or not by the county liable as satisfactory evidence that the holder is entitled to receive the sum set out upon its face. It is probable that the possession of such voucher tends to facilitate the transfer or assignment of the claim, and, as was said in a case involving the forgery of such a certificate in Oklahoma Territory v. De Lena, 41 Pac., 618, "If the party presenting it and claiming a bill against the county, swears to it, the same as any other claim is subscribed to, it might be evidence that the party owns the claim." Again, although there is no statutory authority for the issuance of certificates to witnesses such as are referred to in the petition in this case, as counsel concede, and they may not be sufficient in themselves to constitute an independent cause of action, yet we think it can hardly be said that they are entirely void or of no force for any purpose. The statute expressly provides that the clerk shall issue such certificates to jurors (Rev. Stat., Sec. 1209), and with reference to

witnesses he is required to keep a record of their attendance and fees for which the county is liable (Sec. 1211), and to render to the county commissioners a statement. thereof (Sec. 1212).

What force, if any, such witness certificates may have as evidence upon the trial of an action to recover the fees specified therein, is unnecessary and indeed improper for us to determine in this hearing, as such an inquiry is not. involved in the questions reserved, nor in the issues presented by the demurrer.

It may be that the first question intends to suggest a distinction between such instruments when issued to witnesses whose fees are payable by the county wherein the court is held, in attendance upon which the fees are earned, and where, as in this case, the attendance is upon court in one county and the fees are payable by another; but in this respect we are unable to perceive any distinction with regard to the value and effect of the certificates.

This sufficiently answers the reserved questions. Our opinion, therefore, upon the first question is that the certificates are not orders upon the county of Johnson, and do not constitute the cause of action sued on, and under the issues as presented by the demurrer, the force, effect, or value of such instruments are not involved, and such question is therefore not decided.

Upon the second question our decision is that Johnson County is liable in the first instance for the costs of the criminal action mentioned in plaintiff's petition, taken on change of venue from Johnson to Laramie County and. there tried.

GROESBECK, C. J., and CONAWAY, J., concur.