## STATE, EX REL. PERKINS v. BOARD OF COMMISSIONERS OF SHERIDAN CO. ET AL.

RESERVED QUESTIONS — JURISDICTION — JUDGMENT UPON THE PLEADINGS, WHEN NOT AUTHORIZED.

1. Upon reserved questions, it is not the duty of this court, nor within its province, to determine the cause as such.

2. It is, however, necessary for the court to examine the issues to ascertain whether the reserved questions have arisen or do arise in the case as presented, as it would be clearly improper for this court to decide purely hypothetical questions, which are not at all necessary to the determination of the matter before the district court.

3. An issue between the parties having been regularly submitted to the district court, and decided, and the complaining party having taken his exception to the ruling of that court, such issue can only be brought to this court for determination, on error.

11

4. A judgment upon the pleadings is not authorized if the answer deny the material allegations of the petition.

5. Where the cause is pending before the district-court, and is before it for determination upon a motion for judgment upon the pleadings presented by the plaintiff, and the answer denies all the material allegations of the petition; questions going to the merits of the controversy upon the facts are not involved and do not arise upon the matter before the district court for determination. Such questions are, therefore, not proper for reservation for the decision of this court.

[Decided December 15, 1897.]

RESERVED QUESTIONS from the District Court for Sheridan County, HON. JOSEPH L. STOTTS, Judge.

Mandamus to compel the levy of a tax. The facts which prevented a decision upon the questions reserved are stated in the opinion.

*W. S. Metz*, for relator.

*J. F. Hoop*, for the defendant County.

*N. K. Griggs*, and *Burke & Fowler*, for the intervenor, the G. I. & N. W. R. R. Co.

POTTER, CHIEF JUSTICE.

The relator seeks by this action a mandamus to compel the levy of a special tax in Sheridan County in excess of the levy of twelve mills for county revenue, or the issue of county bonds for the purpose of paying a judgment secured by the relator against the county upon certain warrants issued during the years 1893, 1894, and 1895. The petition alleges that the warrants were duly issued upon valid and legal debts of the county, duly created by the commissioners within the constitutional limit of county indebtedness, and within the tax levy for the current year; and that the indebtedness evidenced by said warrants and judgment did not, at any time, and does not now, together with all the other valid indebtedness of the county, exceed the constitutional limit. It is also alleged

that in the creation of the debt aforesaid the provisions of the constitution and laws of the State had been complied with. That the moneys received from the collection of taxes, assessed during each year, in which said warrants were issued, were wrongfully applied to the payment of prior warrants issued under the territorial régime, and that there is no money in the county treasury to pay the same.

The county filed its answer. The Grand Island and Northern Wyoming Railroad Company applied for leave to intervene and defend on the ground that it was a large tax payer in the county, and its interests would be injuriously affected if the mandamus prayed for should be granted. The plaintiff filed a motion to dismiss the petition for intervention. Upon a hearing the district court denied the motion to dismiss, allowed the petition for intervention, and ordered that the railroad company be made a party defendant, to which the plaintiff excepted.

The intervenor thereupon filed an answer, and subsequently upon leave granted, an amended answer. That answer denies every allegation of the petition not therein admitted, and specifically alleges that the warrants included in relator's judgment were issued in excess of the twelve mills levied upon the taxable property of said county for the current expenses of the county for the several years in which the warrants were respectively issued ; that they were issued without authority of law ; that twelve mills had already been levied in the county for the current year, and a special levy as prayed for will be in excess of that rate.

The material and essential allegations of the petition are therefore denied, and an issue of fact is clearly and unmistakable raised and presented by the pleadings. The relator, however, filed a motion for judgment in his favor upon the pleadings, and also a motion to strike the petition in intervention and answer of the intervenor from the files. Thereupon the district court ordered that certain important and difficult questions arising in said cause

be reserved to this court for its decision. Such questions generally bear upon the authority and power of a county, under certain stated conditions, to make a special levy in excess of twelve mills, to pay a judgment rendered upon county warrants issued for current expenses. The ninth question asks, whether the judgment mentioned in plaintiff's petition is not a part of the public debt of the county. The eighth question, whether the railroad company had any right to intervene, and the seventh, whether the plaintiff is entitled to judgment upon the pleadings. The court has frequently decided that upon reserved questions, it is not its duty, nor within its province, to determine the cause as such; although it may of course on occasions happen that a decision upon reserved questions will have the effect of determining the case, or rather prescribing a rule for its determination. Grand Island & Northern Wyoming R. R. Co. v. Baker, 45 Pac., 494; Rasmussen v. Baker, 50 Pac., 819, supra.

It is, however, necessary to examine the issues, to ascertain whether the reserved questions have arisen or do arise in the case as presented; for it would be clearly improper for this court to decide purely hypothetical questions, which are not at all necessary to the determination of the matter before the district court. Neither was that contemplated by the act authorizing the reservation of questions to this court. In the case at bar, the only issue presented to the district court for its present consideration is that involved in the motion for judgment upon the pleadings, if we except the motion to strike the petition of intervention and answer of the intervenor. The right of the railroad company to intervene was regularly submitted to the district court and decided, and the relator took his exception to the ruling of that court. That matter can only be brought to this court on error. As that decision remains on the record we do not conceive that we ought to now pass upon it, merely because another motion to strike has been filed. The effect of the eighth question is to ask our decision respecting the correctness of the ruling of the court allowing the intervention..

In respect to the motion for judgment upon the pleadings, it will be observed that the material allegations of the petition are denied, and an issue of fact raised thereon.    A judgment on the pleadings is not authorized if the answer deny the material allegations of the petition. Botto v. Vandament, 67 Cal., 332; Hicks v. Lovell, 64 Cal., 17; Nudd v. Thompson, 34 Cal., 39; Amador County v. Butterfield, 51 Cal., 526.

The questions upon what is supposed to constitute the merits of the case, are not, therefore, involved, and do not arise upon the matter before the court for determination. The character of the judgment of the relator upon the facts alleged in the petition is not yet a question before the court, for the reason that those facts are denied in the answer.    If this court should assume to decide the reserved questions, its decisions could not at all affect or control the order to be made upon the motion now pending.    A trial of the cause would be required, which might establish an entirely different condition of affairs from that stated in the petition, or mentioned in the questions. Not only is it true that the questions reserved have not at this time arisen in the cause, but for all that the record discloses, or this court can know, they may never arise therein.    In a case of the character and importance of the one at bar wherein a decision may possibly affect important rights and interests of many others, not parties to, or at all personally interested in, the particular case, and with no opportunity to be heard, the court should certainly hesitate before deciding such questions as are not regularly before any court for present determination. We are therefore constrained to order the cause remanded without our decision upon the reserved questions.

Corn, J., concurs.