# FOOTE v. SMITH, ET AL.

RESERVED QUESTIONS — DISCONTINUANCE OF CAUSE UPON DISMISSAL
IN DISTRICT COURT.

1. The fact that certain questions arising in a cause have been reserved for the decision of the supreme court will not prevent the plaintiff from dismissing the action in the district court, if he has a right otherwise to do so.

2. Where certain questions arising in an action are reserved for the decision of the supreme court, and thereafter before final disposition in such court, the action is lawfully dismissed, by the plaintiff, in the district court, further consideration of the cause will be discontinued in the supreme court and the papers ordered returned to the district court.

[Decided November 13, 1899.]

RESERVED questions from the District Court, Johnson County, HON. JOSEPH L. STOTTS, Judge.

Motion to discontinue, upon dismissal in the District Court.

*G. E. A. Moeller*, *W. S. Metz*, and *Gibson Clark*, for plaintiff.

*Clark & Fisher* and *C. H. Parmelee*, for defendants.

PER CURIAM.

This cause was pending in the district court for Johnson County. Upon consideration of the separate general demurrers filed by two of the defendants to the petition, the district court reserved certain important and difficult questions deemed to arise therein, for the decision of this court.

Before a hearing thereon, plaintiff files a motion for the discontinuance of further consideration of the cause in this court, for the reason that on October 5, 1899, he dismissed the action in the district court. Filed with the

motion is a certified copy of a journal entry of said court of the date last aforesaid showing that the plaintiff then came and entered a dismissal of the action without prejudice. Notice of the motion to discontinue in this court was served upon counsel for the defendants, but they have not appeared to contest the same.

The motion will be sustained; further consideration of the cause discontinued in this court, and the clerk ordered to return the original papers to the district court.

In Veazie v. Wadleigh, 11 Pet., 55, a similar motion was granted by the Supreme Court of the United States in a cause sent to that court upon a division of opinion of the judges of the circuit court. The opinion was delivered by Mr. Justice Story, who said in part : " It is clear that the statute does not, upon the certificate of division, remove the original cause into this court; on the contrary, it is left in the possession of the court below for the purpose of further proceedings, if they can be had without prejudice to the merits; so that in effect the certified questions only, and not the original cause, are removed to this court. In the next place, looking to the intent and objects of the provision, which are to enable the court below to proceed to a final adjudication of the merits of the cause, it seems equally clear that if the original cause is entirely withdrawn from the cognizance of the circuit court by discontinuance or otherwise, there is no ground upon which this court should be required to proceed to decide the certified questions, since they are thus become mere abstract questions. They are but incidents to the original cause, and ought to follow the fate of their principal."

Under the statute authorizing the district courts to reserve for the decision of this court important and difficult questions arising in a cause, it has been held that questions, and not cases, are authorized to be certified to this court; and that the case itself is not here for determination. Grand Island & N. W. R. R. Co. v. Baker, 45 Pac., 494 (6 Wyo., 369); Rasmussen v. Baker, 50

Pac., 819 (7 Wyo., 117); State, ex rel. Perkins v. Board of Com'rs. of Sheridan Co., 51 Pac., 204 (7 Wyo., 161); In re Fremont County, 54 Pac., 1073 (8 Wyo., 1).

This brings the matter within the principle of Veazie v. Wadleigh, supra. The case was still pending in the district court while the questions reserved were here for decision. We held in State ex rel v. Board of Com'rs., supra, that it was necessary for this court to examine the issues in the case to ascertain whether the reserved questions, in fact, arise in the case as presented, as it would be highly improper for this court to decide purely hypothetical questions.

If the case, then, has, in fact, been dismissed in the district court, there are no questions here except such as are purely abstract in character, and do not and can not affect the determination of any existing action.

An action may be dismissed without prejudice by the plaintiff before the firal submission of the case to the jury, or to the court, when the trial is by the court; and it may be so dismissed in vacation on payment of costs; and the clerk in such case is required to make an entry thereof on the journal, whereupon the dismissal takes effect; but it can not be so dismissed in vacation when a counterclaim or setoff, has been filed. R. S., 2661. In this case there is no question of counterclaim or setoff. The questions arose upon the hearing of a demurrer to the petition. No objection has been urged, so far as we are aware, to the dismissal in the district court; and no reason has been pointed out, and none occurs to us, why the plaintiff was not at liberty to dismiss this cause; unless the fact that certain questions had been reserved to this court constitutes such a reason. We are of the opinion that it does not. The discontinuance will be at the costs of the plaintiff.