## LITTLETON v. BURGESS, AS PROSECUTING ATTORNEY.

RESERVED QUESTIONS—JURISDICTION OF SUPREME COURT TO DECIDE AFTER DISPOSITION OF PENDING MATTER IN DISTRICT COURT—ABSTRACT QUESTIONS—DISCONTINUANCE.

1. Where, after submission and pending consideration by the District Court of a motion to dissolve a temporary injunction an order was entered reserving for the decision of the Supreme Court certain constitutional questions deemed to arise in the action, and thereafter a subsequent motion to dissolve the same injunction was entertained by said District Court and sustained; *Held*, that as the only matter before the District Court for determination when the questions were reserved, viz: the motion to dissolve the injunction, had been disposed of by that court by a dissolution of the injunction, the reserved questions had become purely abstract, not being involved in any matter before the court for determination, and a decision thereof by the Supreme Court would be not only improper, but without jurisdiction, and that the cause in the latter court would, therefore, be discontinued on motion, and the papers returned to the District Court.

[Decided March 6, 1905.]                              (79 Pac., 922.)

RESERVED questions from the District Court, Sheridan County, HON. JOSEPH L. STOTTS, Judge.

Heard on motion to discontinue consideration of the reserved questions.

*E. E. Enterline, Lonabaugh & Wenzel* and *Charles A. Kutcher,* for defendant appearing for the motion.

An examination of the petition will disclose that it wholly fails to state a cause of action. In consequence, the questions propounded are purely abstract in character and will not be answered by this court. (Foote v. Smith, 8 Wyo., 510.) Most of the questions propounded are not constitutional questions, but purely questions of statutory construction. Under the present law governing the reservation of questions, only important and difficult constitutional questions can be reserved. (Sess. Laws 1903, Chap. 72.) All questions propounded in reference to Article 3, Section 24, of the Constitution of Wyoming, are fully discussed and decided in the following cases: *In re* Fourth Judicial District, 4 Wyo., 133; *In re* Boulter, 5 Wyo., 329. Then, too, the questions propounded are in reference to the constitutionality of Chapter 65, Session Laws of Wyoming, 1901, known as the anti-gambling act. This act has been before the Supreme Court and its validity upheld. (State ex rel. Hynds v. Cahill (Wyo.), 75 Pac., 433.)

An examination of the certified copy of the order made and entered by the District Court on the 10th day of January, 1905, will disclose that the District Court vacated the injunction for the reason that it appeared to the court that the order was void for want of jurisdiction. If the lower court had no jurisdiction to grant equitable relief, then this court is without jurisdiction, and the further consideration of the cause should be discontinued and the original papers returned to the District Court.

*M. B. Camplin,* for plaintiff (J. F. Hoop of counsel), in resistance of the motion.

Plaintiff's action is still pending, not having been finally determined nor disposed of. The demurrer filed by defendant to plaintiff's petition is still under advisement and undetermined. There has been no final order awarding defendant judgment for costs; and an interlocutory order

dissolving the restraining order would not determine the action. It is not necessary that an issue be joined in the pleadings upon the constitutionality of a statute in order to raise the question. (Schenk v. Ry. Co., 5 Wyo., 430.)

The District Court was confronted, when this injunction suit was brought, with forty-four criminal cases in which the same constitutional questions were raised in opposition to the validity of the anti-gambling statute enacted in 1901; and in addition thereto .there were seven other civil causes pending praying for temporary restraining orders in which the same questions were raised. In view of those facts, the District Court reserved for the decision of this court the constitutionality of the law attacked, and its application to the city of Sheridan. There is, therefore, ample authority for this court to determine the questions reserved. The pleadings and papers in the action are sent up that the court may examine and determine whether the reserved questions are involved in any matter pending before the court. (Rasmussen v. Baker, 7 Wyo., 120; State ex rel. v. Board, id., 161.) This court will not determine upon reserved questions whether the petition in the cause below does or does not state facts sufficient to constitute a cause of action, since questions and not cases are brought to this court for its decision. (Smith v. Healy, 75 Pac., 432.) There can be no doubt that the questions reserved are important and difficult; at any rate that is a matter for the court below to determine and not for counsel, and the court below did determine that they were both important and difficult.

If the position of plaintiff be correct, then he is being wrongfully prosecuted and deprived of his liberty and his property rights invaded, and the defendant should be perpetually enjoined, since the plaintiff has a license from the city of Sheridan to do the very acts for which he is being prosecuted. (R. S, 1899. Sec. 1452; State ex rel. v. Cheyenne, 7 Wyo., 417; Const., Art. 1, Secs. 2, 3, 6, 7; Art. 3, Secs. 24, 26, 27.) The plaintiff himself would be powerless, by dismissing the action, to prevent a consideration of the

reserved questions for the reason that in the criminal cases and in the other civil causes the same questions must be determined, and the plaintiff could not, therefore, deprive the court below of the guidance asked for through a decision of this court. The points raised as to title and subject of the statute were not passed upon in the cases cited by counsel for defendant. In those cases the question of subject and title had reference to original and independent acts; while in the case at bar the question is of proper amendatory legislation, where the statutes have been revised and the laws classified and grouped under proper heads, divisions and sections. (Commrs. v. Stone, 7 Wyo., 280; Miller v. Hurford, 11 Neb., 381; State v. County, 10 id., 476; Webster v. City, 59 id., 569; State v. Tibbetts, 52 id., 235; R. R. Co. v. County, 9 id., 507; People v. Gadway, 61 Mich., 285; Roby v. Shephard, 42 W. Va., 286; State v. Davis, 130 Ala., 148; State v. Bankers, 23 Kan., 499; Wisner v. Munroe, 25 La. Ann., 598; 26 Ency. Law (2d Ed.), 594, 595.) The case of State ex rel. Hynds v. Cahill has no bearing upon the issues presented in the pending case, because other questions are raised here affecting the constitutionality of the statute.

Had the District Court intended its dissolution order to be a final determination of the action, it would have so declared and would have dismissed it and awarded judgment for the defendant. But the action is still pending. (Fullerton v. Pool, 9 Wyo., 14; Bartram v. Sherman, 46 Neb., 713; Manning v. Connell, 47 id., 83; Meng v. Coffe, 52 id., 44; Gray v. Viers, 33 Md., 159; High Inj., Secs. 998, 1014.)

The whole argument of counsel for defendant upon the question of jurisdiction in the District Court is that, as he was a public prosecuting officer, he could not be enjoined from proceeding with the prosecution of the criminal case against the plaintiff. That position is untenable, since where public officers are proceeding illegally and under claim of right or color of office a person injured may have

an injunction. (Board v. McComb, 92 U. S., 531; Davis v. Gray, 16 Wall., 203; 9 Wheat., 738; 140 U. S., 1; 6 Paige Ch., 83; 4 Neb., 139; 2 Johns. Ch., 472; 6 id., 497; 1 Johns., 516; 46 Neb., 511; 44 Neb., 428.) Where a public body is proceeding to interfere with the rights of a person in a manner that will cause damage for which there is no adequate remedy at law, or will cause a multiplicity of suits, or where the law is unconstitutional, a proper case for injunction will be shown. (59 Neb., 364, 737; 8 id., 21; 54 id., 319; 53 id., 143; 57 id., 510.) Injunction will also lie to prevent the authorities from closing up a man's business. (3 Peters, 210; 35 O. St., 444; 5 Colo. App., 129; 7 Pac., 270; 132 Cal., 408; 28 Pac., 1125; 76 id., 448; 73 id., 952.) The action of the officer being void, injunction is the proper remedy. (73 Pac., 791; 47 id., 1090; 76 Fed., 385; 29 Pac., 1036; 28 N. E., 853; 16 S. W., 489; 7 D. C., 165; 80 Fed., 218.)

But it is apprehended that we are not now trying the case. The question is whether or not an action or proceeding is pending to warrant a decision of the reserved questions. The temporary restraining order was but an incident to the action. The refusal to grant it or its dissolution was discretionary and did not determine any question of right. But the dissolution left the action still pending for final determination. The jurisdiction in this case is, therefore, full and complete.

(Counsel then discussed, and cited some authorities upon the question, as to whether the act alleged to be unconstitutional was valid or not, and whether it interfered in any way with the license issued by the city of Sheridan to do the acts within such city prohibited by the statute; and further maintaining the sufficiency of the grounds set up in the petition for injunctive relief.)

Potter, Justice.

This case, which was here on reserved questions, was submitted on the motion of defendant that further consid-

eration be discontinued and the papers returned to the District Court. The chief ground of the motion, viz: that the court is without jurisdiction, is the only one that need be considered.

The order of the District Court of Sheridan County reserving the questions is as follows: "This cause having come on for hearing on the 22d day of September, A. D. 1904, upon the petition and motion to dissolve the temporary restraining order issued herein, supported by affidavit of the defendant, in which he justifies the acts complained of, as alleged in the petition, by proceeding against the defendant under Chapter 65, Session Laws of Wyoming of 1901, for violation thereof, which said law the plaintiff alleges is in contravention of Sections 24 and 26 of Article 3 of the Constitution of Wyoming, and is void, and upon issue thus joined the same having been heard, and arguments of counsel heard, and the same having been submitted to the court for its decision, the same was by the court taken under advisement. And now, on this 16th day of December, 1904, the same being a day of the regular December, A. D. 1904, term of this court, this cause coming on for further hearing and consideration, the court finds that important and difficult constitutional questions have arisen in this action and proceeding pending before this court, wherefore it is ordered, adjudged and decreed by the court, upon its own motion, that this action and proceeding be, and the same is hereby, reserved and sent to the Supreme Court of this state for its decision upon the following constitutional questions which have arisen herein, the plaintiff and the defendant each to pay one-half of the docket fee in the Supreme Court." (The questions are then stated.)

That order is the source of the jurisdiction of this court in the premises; and it is apparent that the only matter referred to therein as before the court for determination, when the order was made, was the motion to dissolve the temporary restraining order. As we understand the order,

the motion to dissolve had been submitted in September, and, without deciding it, the court, on December 16, reserved certain questions deemed to have arisen on that motion. If any other matter had been submitted to the court it is not stated.

The term of office of Judge Stotts, the presiding judge of the court when the order was made, expired January 2, 1905, and he was succeeded by Judge Parmelee. It appears that thereafter, upon a motion for change of judge filed by the plaintiff, Judge Scott of the First District was called in to sit in the case; and that on January 10, 1905, the court, Judge Scott presiding, entertained a new motion to dissolve the temporary restraining order, and sustained it; and it was then ordered that the injunction and temporary restraining order be vacated, set aside and dissolved; and an exception was reserved thereto by plaintiff's counsel. As appears by the petition in the cause, the sole purpose of the suit is to enjoin the defendant, who is Prosecuting Attorney of the county, from prosecuting and causing the arrest and imprisonment of the plaintiff for alleged violations of the act of 1901 prohibiting and punishing gambling. The plaintiff claims that said act is void, and that he is protected by virtue of a license issued by the town of Sheridan. A temporary restraining order was issued August 20, 1904, and it is evident that, as it seems to have been the only restraining order issued in the action, it was the one sought to be dissolved by the motion submitted to the District Court in September, 1904, and by the motion sustained January 10, 1905. And it is clear that, by the order of January 10, such restraining order was vacated and dissolved.

It is apparent, therefore, that whatever questions properly arose upon a consideration of the motion to dissolve have been disposed of in the District Court, and that, so far as the record discloses, the questions reserved for the decision of this court are not now involved in the determination of any matter now before the District Court.

And hence such questions as they now stand are purely abstract questions, and while our consideration of them might perhaps affect some matter to be submitted to the District Court in the future, it could not aid the court or affect any question which it has before it for determination. According to the principles announced in previous decisions, it would not only be improper for us to decide the questions, but we are without jurisdiction to do so. (Foote v. Smith, 8 Wyo., 510; State ex rel. v. Board, 7 Wyo., 161.)

It is suggested by counsel for plaintiff that the court had taken under advisement a demurrer to the petition prior to entering the reservation order, and that it has not been decided, and that the reserved questions are involved in a consideration thereof. It is true that a demurrer appears to have been filed September 22, 1904, but the record does not show that it was ever submitted to the court. But had it been submitted, it is not perceived that it would authorize us to consider the reserved questions, since the District Court found them to arise, not on the demurrer, but on the motion to dissolve.

The motion to discontinue in this court will be sustained, and the papers ordered returned to the District Court.                                         *Dismissed.*

BEARD, J., concurs.