## SCHOOL DIST. NO. 14, FREMONT COUNTY v. SCHOOL DIST. NO. 21, FREMONT COUNTY

(No. 1913; October 1, 1935; 49 Pac. (2d) 682)

For the plaintiff, the cause was submitted upon the brief of *F. B. Sheldon, Jr.,* of Riverton.

For the defendant there was a brief and the cause was argued orally by *A. H. Maxwell*, of Lander.

514

RINER, Justice.

In this case certan questions have been reserved and certified to this court by the district court of Fremont County, it being stated in the order doing so that they are "important and difficult constitutional questions." The procedure contemplated is that provided by Sections 89-5001 to 89-5003 inclusive, Wyoming Revised Statutes 1931.

Briefly, the action is one by School District No. 14 in Fremont County, Wyoming, organized as a new district from territory formerly a part of School District No. 38 and School District No. 21 in said County, against the District last mentioned, to recover certain school moneys and tax moneys claimed by the plaintiff to be due from the defendant under an alleged written agreement entered into between the parties on or about October 23, 1932, and thereafter submitted to and approved by the district court of Fremont County. It is averred that the defendant School District repudiated the contract and has declined to make the agreed payments. The answer and cross-petition of the defendant denies that any indebtedness is owing by it to plaintiff under the contract aforesaid, and asserts that the agreement in question was obtained without consideration and procured either by fraud or mistake and its presentation to and approval by the district court, aforesaid, was unauthorized and void. Other issues also appear to be tendered by the defendant's pleading. The plaintiff School District filed a reply denying these claims asserted on the part of the defendant and also setting up additional new matter not necessary to be described here.

The case being thus at issue and apparently ready for trial, without further steps being taken, upon motion of the parties, the court made the order of certification hereinbefore mentioned. The questions thus presented are five in number, and upon examination we find that not one of them refers to or mentions any constitutional provision as involved or in connection with which the question has arisen. That being so, under our previous decisions, this court is under no duty to consider them. State ex rel. Voiles v. Johnson County High School, 43 Wyo. 494; 5 Pac. (2d) 255; Salt Creek Transportation Company v. Public Service Commission, 37 Wyo. 488; 263 Pac. 621.

It is plain, too, from the original papers certified here that none of the questions aforesaid have in any form been presented to the district court and its decision invoked thereon, so that they could be said to have arisen in the case. Only constitutional questions which have arisen in a cause and which are necessary to its decision are within the jurisdiction of this court to consider when presented under the provisions of Sections 89-5001 to 89-5003 inclusive, supra. State v. Continental Oil Co., 48 Wyo. 152, 43 Pac. (2d) 686 and cases therein cited. In this connection it may be observed also that the questions before us deal only with matters of statutory construction, questions we are not permitted to decide in the first instance. Additionally, it is evident that certain issues of fact have been raised by the pleadings in this case and are for trial. Their disposition alone may dispose of the litigation. As said by Mr. Chief Justice Potter over thirty-five years ago, in State ex rel. Perkins v. Board of Commissioners of Sheridan County et al., 7 Wyo. 161; 51 Pac. 204: "Not only is it true that the questions reserved have not at this time arisen in the cause, but for all that the record discloses, or this court can know, they may never arise therein."

At that time the reserved questions which could be sent here were not limited as now to constitutional questions. But they, as now, had to "arise" in an action or proceeding. Session Laws, 1888, Chapter 66, § 1; Revised Statutes Wyoming, 1899, § 4276; Stoll v. Board of County Commissioners, 6 Wyo. 231, 44 Pac. 58; State v. Continental Oil Co., supra. Then, as now, such questions were required to be "necessary" to a disposition of the cause. State ex rel. Perkins v. Board of Commissioners of Sheridan County et al., supra; State v. Continental Oil Co., supra.

We are necessarily obliged to order the case remanded without our response to the questions submitted.

*Remanded.*

KIMBALL, Ch. J., and BLUME, J., concur.