Randolph *vs.* Rosser.

RANDOLPH *VS* ROSSER.

1. A writ of error will not lie to reverse a decree in chancery for costs only; though if the decree be opened for investigation on other points, it may be reformed also in the matter of costs, and

2. The general rule in chancery is, that costs do not necessarily follow the event of the cause.—The court may direct the costs to be paid by either party, or jointly by both, as justice may require.

3. *Semble,* That a question relating to costs, is a question of practice, rather than principle. *Quere de hoc.*

Error to the Circuit court of Tuskaloosa county, exercising chancery jurisdiction.

This case is identical with the case of Rosser vs Randolph, immediately preceding.

From the decree of the chancellor below, a writ of error was taken by defendant to this court.

The plaintiff in error, assigned as error—

7 P.                    32

Randolph *vs.* Rosser.

That the court below decreed that the plaintiff in error should pay the costs,—for which he prayed that the decree, in this particular, might be reversed, &c.

*Ellis & Peck*, for the plaintiff in error.
*Crabb*, contra.

ORMOND, J.—This writ of error is prosecuted, to reverse a decree of the chancellor, dismissing a bill in chancery, at the costs of the defendant in the court below. The only error complained of, is, that costs were improperly adjudged against the present plaintiff.

The general rule is, that costs do not, in chancery, as a necessary consequence, follow the event of the cause; but that the chancellor may direct the costs to be paid by either party, or jointly by both, as justice may require.

It has, however, been decreed by this court, that a writ of error will not lie, to reverse a decree for costs only; but if the decree be open for investigation on other points, it will be reformed also as to the matter of costs —(4 Stewart & Porter, 138.)

No question is made here, but that relating to the costs, and this being a question of practice, rather than of principle, we do not think it proper to disturb the former decisions of this court.

The decree of the court below is affirmed, at the costs of the plaintiff in error.