(85 South. 307)

### CALDWELL v. LOVELESS. (6 Div. 687.)

(Court of Appeals of Alabama. Feb. 3, 1920. Rehearing Denied April 6, 1920.)

1. APPEAL AND ERROR ⬦⟳781(6) — APPEAL DISMISSED WHERE MATTERS HAVE BEEN AMICABLY ADJUSTED.

Appeal from judgment overruling motion to strike an award of arbitrators will be dismissed, where subsequent to submission of appeal the matters involved have been amicably adjusted and fully settled between the parties; the question in such case having become moot.

2. APPEAL AND ERROR ⬦⟳19—ACTUAL CONTROVERSY REQUISITE TO APPELLATE JURISDICTION.

An actual controversy is a necessary requisite to appellate jurisdiction, since it is not within the province of the appellate court to decide abstract or hypothetical questions, from the determination of which no practical result can follow.

---

⬦⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. APPEAL AND ERROR ⊂⊃19 — FICTITIOUS CASE TO TEST RIGHT TO DO A PARTICULAR THING NOT CONSIDERED.

It is not within the province of the Court of Appeals to consider a fictitious case, submitted merely for the purpose of the right to do a particular thing.

4. APPEAL AND ERROR ⊂⊃790(1) — APPEAL DISMISSED ON OCCURRENCE OF EVENT RENDERING RELIEF IMPOSSIBLE.

Generally, if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

T. W. Loveless, A. F. Parsons, and H. C. Caldwell entered into an agreement to arbitrate certain land lines and certain land values. There was an award, and, it not having been carried out, Loveless filed a motion to enforce said award. Caldwell entered motion to strike the motion to enforce the award, which was denied, and Caldwell appeals, and submits the case on the merits and on petition for mandamus to require the trial judge to set aside his judgment overruling motions to dismiss. Mandamus denied, and appeal dismissed.

Pinkney Scott, of Bessemer, for appellant.

Counsel discusses the irregularities and deficiencies of the award, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out. He insists that the appeal is properly here. 70 Ala. 533; 79 Ala. 187.

McEniry & McEniry, of Bessemer, for appellee.

Counsel discuss assignments of error, and insist that the questions are moot, and therefore nothing for decision.

BRICKEN, P. J. This appeal was from a judgment of the circuit court overruling a motion to strike an award of arbitrators in a matter pending between appellant and appellee.

[1] Since the submission of this appeal in this court it has, without dispute, been affirmatively made known to the court that the matters involved in the original proceedings have been amicably adjusted and fully settled between the parties, and that the present status is such that neither the appellant, defendant in the court below, nor the appellee, plaintiff in court below, now have any interest in the matters involved; that the interests and claims of both parties to this action have been purchased by another, not a party here or in the court below; that all the costs of the proceedings here and in the court below have been settled, and that there now remain no questions to be settled between these parties, and hence a decision of the case would be of no value; that said cause has become moot before this court.

[2, 3] The necessary requisite to appellate jurisdiction is the existence of an actual controversy; therefore it is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow. Nor is it the province of this court to consider a fictitious case, submitted merely for the purpose of testing the right to do a particular thing.

[4] The general rule is, if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed. There are many instances in which such condition may arise. It may arise by the act of the appellant himself. Woodruff v. Austin, 16 Misc. Rep. 543, 38 N. Y. Supp. 787, or it may likewise arise by the act of the appellee, as where, pending the appeal, he does, or relinquishes the right to do, some act in respect to which the appeal was taken. Wallingford v. Benson, 17 S. C. 591; Foote v. Smith, 8 Wyo. 510, 58 Pac. 898; 2 Cent. Dig. Appeal and Error, § 70 et seq. The condition may also arise from the act of the court a quo, that is to say, from some order or judgment in the case pending the appeal, which is made by the court, which renders the determination of the questions presented by the appeal unnecessary. Paris Electric Light Co. v. Martin (Tex. Civ. App.) 31 S. W. 243; 2 Cent. Dig. Appeal and Error, § 71 et seq. It may also arise by an act of law. Kidd v. Morrison, 62 N. C. 31. And it has been held that mere lapse of time may create this condition. 2 Cent. Dig. supra. Similarly it arises where a litigation has ceased to be between parties having adverse interests, etc. It has also been held, where all substantial interest in the controversy has been parted with or extinguished, the court will not hear the appeal merely to determine the rights to costs. Randolph v. Rosser, 7 Port. 249.

The present status of this proceeding, as made known to the court, necessitates a denial of the petition for mandamus, and a dismissal of the appeal at the cost of appellant.

Appeal dismissed.