533 So.2d 192 (1988)
Edwin J. SPENCE, et al.
v.
BALDWIN COUNTY SAVINGS AND LOAN ASSOCIATION.
No. 86-1337.
Supreme Court of Alabama.
September 23, 1988.
L.P. Sutley of Murchison & Sutley, Foley, for appellants.
Edward S. Sledge III and Walter T. Gilmer, Jr., of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.
ADAMS, Justice.
The trial court did not abuse its discretion in refusing to permit the defendants to amend their answer on the first day of trial. See Alabama Farm Bureau Mutual Casualty Co. v. Guthrie, 338 So.2d 1276 (Ala.1976).
Furthermore, the trial court did not abuse its discretion in severing the defendants' counterclaim from plaintiff's complaint. See Ex parte Marcrum, 372 So.2d 313 (Ala.1979).
Finally, the trial court did not abuse its discretion in refusing to allow a continuance of the trial because a witness was unavailable. See Perdue v. Mitchell, 373 So.2d 650 (Ala.1979).
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
I concur in summarily affirming the judgment, but only because the parties filed in this Court the following stipulation:
"It is hereby stipulated and agreed by and between the undersigned attorneys for the respective parties hereto that the appeal of judgment granted March 31, 1987 in the amount of $177,339.25 be dismissed. It is further stipulated that each party is to bear its own costs."
I assume that the legal effect of the affirmance is the same as a dismissal, but I am not sure.
I believe that parties in a civil case should be allowed to settle their case and have the appeal dismissed. In 5 C.J.S. Appeal and Error, § 1354(5) (1958), the following is stated:
"A valid settlement by the parties of all their rights and differences pending the appeal requires dismissal.
"When it appears that there has been a valid settlement or adjustment by the parties of all their rights and differences respecting the subject matter of the controversy, the appeal will be dismissed, even after the cause has been argued and submitted, or a decision has been rendered by the reviewing court but the case is still pending on a motion for rehearing, or after a hearing has been ordered, or even though appellant was induced by fraud to settle the litigation, where he fails to return, or to offer to return, the consideration. It is otherwise, however, if the payment does not settle all the matters involved in the appeal;

*193 or where the matter in dispute is settled only as to one or more of several appellants, or appellees; or if the real subject of the litigation has not been settled; or if the settlement itself is in controversy. So, also, the settlement of the main action after an order, in an ancillary proceeding, refusing to vacate an attachment sued out in the action and levied on, does not deprive appellant of the right to review such order of refusal.
"Where, after judgment, plaintiff has assigned an undivided interest therein to another, and thereafter compromised with defendant without the assignee's consent, such compromise does not warrant dismissal of an appeal as the case is not moot, at least as to the assigned interest in the judgment.
"It is the duty of both parties to notify the court of the settlement, but failure to comply with court rules relative to settlements will not necessarily affect the validity of a settlement so as to prevent it from rendering the questions moot."
The same principle of law is stated by Judge Bricken in Caldwell v. Loveless, 17 Ala.App. 381, 85 So. 307 (1920):
"Since the submission of this appeal in this court it has, without dispute, been affirmatively made known to the court that the matters involved in the original proceedings have been amicably adjusted and fully settled between the parties, and that the present status is such that neither the appellant, defendant in the court below, nor the appellee, plaintiff in the court below, now have any interest in the matters involved; that the interests and claims of both parties to this action have been purchased by another, not a party here or in the court below; that all the costs of the proceedings here and in the court below have been settled, and that there now remain no questions to be settled between these parties, and hence a decision of the case would be of no value; that said cause has become moot before this court.
"The necessary requisite to appellate jurisdiction is the existence of an actual controversy; therefore it is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow. Nor is it the province of this court to consider a fictitious case, submitted merely for the purpose of testing the right to do a particular thing.
"The general rule is, if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed. There are many instances in which such condition may arise. It may arise by the act of the appellant himself. Woodruff v. Austin, 16 Misc.Rep. 543, 38 N.Y.Supp. 787, or it may likewise arise by the act of the appellee, as where, pending the appeal, he does, or relinquishes the right to do, some act in respect to which the appeal was taken. Wallingford v. Benson, 17 S.C. 591; Foote v. Smith, 8 Wyo. 510, 58 Pac. 898; 2 Cent.Dig. Appeal and Error, § 70 et seq. The condition may also arise from the act of the court a quo, that is to say, from some order or judgment in the case pending the appeal, which is made by the court, which renders the determination of the questions presented by the appeal unnecessary. Paris Electric Light Co. v. Martin (Tex.Civ.App.) 31 S.W. 243; 2 Cent.Dig. supra. Similarly it arises where a litigation has ceased to be between parties having adverse interests, etc. It has also been held, where all substantial interest in the controversy has been parted with or extinguished, the court will not hear the appeal merely to determine the rights to costs. Randolph v. Rosser, 7 Port. 249.
"The present status of this proceeding, as made known to the court, necessitates a denial of the petition for mandamus, and a dismissal of the appeal at the cost of appellant."
17 Ala.App. at 382, 85 So. at 307.
To the same effect are several cases from other jurisdictions: Rothenberg v. Connecticut Mut. Life Ins. Co., 161 So.2d 875 (Fla.Dist.Ct.App.1964) (settlement after issuance of opinion but before expiration of *194 time for filing petition for rehearing); Payne v. Georgia Power Co., 223 Ga. 273, 154 S.E.2d 440 (1967) (settlement pending appeal from grant of interlocutory injunction); McKenzie v. Chastain, 181 Ga. 807, 184 S.E. 276 (1936) (settlement pending decision on motion for rehearing); Miller v. Miller, 66 N.W.2d 43 (Iowa 1954) (remarriage of parties pending appeal from divorce decree); United Services Automobile Ass'n v. Lederle, 400 S.W.2d 749 (Tex. 1966) (settlement pending appeal from judgment holding insurer liable); Wahpeton Public School Dist. No. 37 v. North Dakota Ed. Ass'n, 166 N.W.2d 389 (N.D. 1969) (settlement pending appeal from grant of temporary restraining order).
While I recognize that this Court, by promulgating an internal rule, has provided that the clerk can dismiss a case except "after circulation of a proposed opinion," I believe that rule merely means that the clerk cannot enter an order of dismissal if a proposed opinion has been circulated.[1] I do not believe that rule should be read as saying that this Court should refuse to dismiss a civil case in which the parties have agreed to a settlement, unless, of course, there are presented some of the reasons set out in the general rule that I have cited hereinabove.
NOTES
[1] The Court grants to the clerk's office the authority:

"1. To grant all procedural motions including, but not limited to, the following motions:
"* * * *
"r. for dismissal of appeal on motion by appellant after reasonable notice has been given to appellee or his attorney. Where there is a cross-appeal or where a judgment was rendered for money in the trial court and the judgment has been suspended by a supersedeas bond, the appellee should join in the motion for dismissal; however, no appeal will be dismissed after circulation of a proposed opinion.
"Comment: If the parties are negotiating a settlement of the case after submission, they should notify the Clerk in writing and request that the submission be suspended pending said negotiations. If one of the parties notifies the Clerk that a settlement cannot be reached, the case will be resubmitted. Also, if a party objects to the suspension of submission, the case will remain under submission."