These three appeals arise from Sheila Bailey's lawsuit alleging that the defendants — Dr. Charles Breaux; Jefferson Clinic P.C.; Cooper Green Hospital; Cynthia Venton; and Wylie King — acted negligently or wantonly in providing her medical care. On December 24, 1994, Bailey underwent abdominal surgery, performed by Dr. Breaux at Cooper Green Hospital. Cynthia Venton and Wylie King, two surgical nurses, assisted Dr. Breaux with the procedure. Following the surgery, Bailey suffered from abdominal pain. In March 1996, Bailey learned that a foreign object had been left in her abdomen during the December 1994 surgery. Bailey sued.
Bailey's claims went to trial on October 18, 1999. The jury returned a verdict for Bailey, awarding her $78,000 in damages. The circuit court entered a judgment on that verdict. On November 18, 1999, King and Venton moved to alter, amend, or vacate the judgment. On November 24, 1999, before the trial court had ruled on Venton and King's motions, Dr. Breaux filed a notice of appeal. On December 15, 1999, the trial court acknowledged that in charging the jury he had committed an error that was prejudicial to Venton and King. He ordered a new trial as to all defendants. All the defendants appealed the order granting a new trial.
Cooper Green Hospital, Cynthia Venton, and Wylie King argue that the trial court was without jurisdiction to *Page 206 
grant a new trial as to all defendants because none of the defendants in their post-judgment motions had requested a new trial and because the trial court ordered the new trial more than 30 days after it had entered its judgment. In order to fully understand the issues presented by Cooper Green Hospital, Venton, and King, we include a portion of the trial court's order:
 "The primary issue raised in the nurses' post-judgment motions is that the jury charges and jury verdict form was prejudicially erroneous in that the jury was not given the opportunity to find against Cooper Green Hospital but in favor of the individual nurses. The Court, in hindsight, agrees that this was prejudicial error.
 "The problem is: how does this Court cure the error? The nurses ask the Court to simply — by judicial fiat — delete them from the verdict and judgment, leaving the remainder of the judgment intact. Defendants do not offer this Court any citation to any legal authority which would permit the Court to do this. The nurses are not asserting that there was legally insufficient evidence against them and that they are, thus, entitled to judgment as a matter of law [JML].
 "The Court sees but one way to cure the error — the grant of a new trial. In the new trial, the new jury will be given the opportunity to find against the hospital but in favor of one or both nurses. In the first trial, there was presented sufficient evidence from which a reasonable jury could conclude that the hospital was liable for its own independent negligence.
 "The post-judgment motion does not specifically request a new trial, but it asserts grounds usually associated with a motion for new trial: `contrary to the evidence'; `contrary to the law'; `prejudicial to the substantial rights of the defendant'; `erred in refusing to give to the jury written requested jury instruction No. 21'; etc. As noted, this Court sees no way other than a new trial to respond to the errors asserted in the post-judgment motions. King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987), notes: `This Court is committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.'"
We agree with the trial court that the only way to cure the effect of the erroneous jury instruction is to order a new trial as to all defendants. We also agree with the trial court's interpretation of Venton and King's motions to alter, amend, or vacate as asserting grounds for a new trial. This Court has repeatedly held that "[t]he substance of a motion and not its style determines what kind of motion it is." Evans v. Waddell,689 So.2d 23, 26 (Ala. 1997) (citing Cannon v. State Farm Mut. Auto.Ins. Co., 590 So.2d 191 (Ala. 1991). Therefore, because Venton's and King's Rule 59(e) motions were, in substance, motions seeking a new trial, the trial court was well within its bounds to order a new trial. Thus, the appellants' argument that the trial court entered its new-trial order more than 30 days after it had entered its judgment is without merit.
 II.
On January 14, 2000, Dr. Breaux and Jefferson Clinic, P.C., filed a separate notice of appeal. They ask this Court to rule that the trial court's jury instructions were erroneous and prejudicial. They also ask this Court to remand this case for a new trial with guidance regarding the proper jury instructions applicable in this case.
Dr. Breaux's appeals — filed on November 24, 1999, and January 14, *Page 207 
2000 — are moot and, therefore, due to be dismissed. In order for this Court to have jurisdiction over an appeal, it must involve an actual controversy.
 "`[T]herefore it is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow. Nor is it the province of this court to consider a fictitious case, submitted merely for the purpose of testing the right to do a particular thing.
 "`The general rule is, if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed.'"
Spence v. Baldwin County Sav. Loan Ass'n, 533 So.2d 192, 193 (Ala. 1988) (Maddox, J., concurring specially) (quoting Caldwell v. Loveless,17 Ala. App. 381, 382, 85 So. 307 (1920)). In this case, the trial court's order of a new trial is such an "event" as was described inSpence — an event making it impossible for this Court to grant relief.
In both the November 24, 1999, appeal and the January 14, 2000, appeal, Dr. Breaux asks this Court to remand the case for a new trial and to provide instructions for the trial court specifying the proper instructions that should be given to the jury. However, the trial court has already ordered a new trial to all defendants, which is the maximum relief to which Dr. Breaux and Jefferson Clinic are entitled.
This Court's jurisdiction is limited to review of actual cases and controversies; it does not extend to dealing with future errors predicted, or likely, to result in an actual controversy. Therefore, this Court may not presume that the trial court will incorrectly instruct the jury at the conclusion of the new trial. Should the trial court err in charging the jury, then Dr. Breaux, Jefferson Clinic, and the other codefendants would be entitled to seek appellate relief at that time.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.