Tom Dawkins and other members of the board of directors ("the Board") of the Emerald Valley Resort Club, Inc. ("EVRC"), appeal the Jefferson County Circuit Court's "partial summary judgment" in favor of the plaintiff Melisa M. Walker. We affirm.
On January 7, 2000, Walker sued eight members of the Board, based upon her removal from the Board. She alleged that no provision in the Code of Alabama or in the bylaws of the EVRC provides for the prospective removal of a Board member, i.e., for the removal of a Board member from a term that has not yet begun. Walker sought a judgment declaring, among other things, that her removal from the Board of the EVRC was invalid.
On February 25, 2000, Walker moved for a summary judgment. The Board also moved for a summary judgment; its motion argued that Walker had failed to name as defendants all of the Board members for the years 1999 and 2000, and the EVRC in its corporate form — and that those members and the EVRC in its corporate form were necessary and proper defendants; that Walker had failed to make a proper demand on the Board for the relief she sought; and that she did not fairly and adequately represent the interests of the members of the EVRC. The Board also argued that the circuit court could not set aside the proper removal of a director for cause and that Walker's removal had been based upon her beginning a project without prior discussions or approval by the Board or by members of the EVRC, as required by the bylaws of the corporation.
After receiving evidentiary submissions and conducting a hearing, the circuit court entered a partial summary judgment for Walker which provided, in pertinent part: *Page 335 
 "The Court finds that the action of the 1999 Board in removing Walker from the Board in futuro was neither de jure [nor] equitable. The removal by the 1999 Board for the year 2000 was accomplished by some directors who were not on the 2000 Board. Walker claims that two of such voters went on the 2000 Board as a result of the purported removals. The Court presumes that all of the parties have the best interests of EVRC in mind and makes no judgment other than that the act of the 1999 Board removing Walker for the year 2000 through 2002 was impermissible. It is therefore Ordered that Walker be restored to the Board for the 2000-2002 term forthwith. Consistent with this order the Court grants partial summary judgment to the Plaintiff and denies the Defendants' motion for summary judgment."
At the outset, we note that this Court must consider this appeal as an appeal from an order granting injunctive relief. Such an order is appealable. See Rule 4(a)(1)(A), Ala.R.App.P., relating to the appeal of "any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction." Any noninjunctive aspect of this interlocutory "summary judgment" would not be appealable. See Ala. Code 1975, § 12-22-2.
An injunction is defined as "[a] court order commanding or preventing an action." Black's Law Dictionary 788 (7th ed. 1999). Because the order at issue in this case directs the Board to take action, by ordering that "Walker be restored to the Board . . . forthwith," we conclude that the order, though styled as a "partial summary judgment," was injunctive in nature.
Although the relief Walker sought concerning her removal from the Board was only that the trial court make a declaration, that court had the authority to order, i.e., to "enjoin," the Board to reinstate Walker. This Court has held:
 "An injunction and punitive damages are but forms of relief which a court has the power to grant. Under present practice, every final judgment (except a default judgment) should `grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.' Rule 54(c), [Ala. R. Civ. P.]."
Price v. South Cent. Bell, 294 Ala. 144, 150, 313 So.2d 184, 189 (1975). Section 6-6-230, Ala. Code 1975, also provides that "[f]urther relief based on a declaratory judgment may be granted whenever necessary or proper." See also Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 298,175 So. 269, 274 (1937) ("It should be kept in mind that the equity of a bill under the Declaratory Judgment Act does not turn on whether a case is made for an injunction," and "Further relief may be had in such [a] proceeding if necessary to complete relief."). In light of the injunctive component of the trial court's order, we conclude that this appeal is properly before the Court.
The Board argues that the order appealed from must be reversed because, it says, (1) Walker failed to join necessary parties, (2) Walker failed to comply with the security requirements of Rule 65, Ala.R.Civ.P., (3) Walker failed to prove irreparable injury, and (4) the Board acted within its authority in removing Walker.
Walker and two other persons were removed from the Board by a 6-4 vote of the then existing Board on November 8, 1999. The Board's vote not only removed Walker from an independent term she was serving for the year 1999, but it also purported to remove her from a three-year term to which she had been elected at the annual *Page 336 
meeting of the EVRC membership on October 3, 1999. Her three-year term was scheduled to begin on January 1, 2000. One member of the 1999 Board who was not reelected to serve in 2000 participated in the vote to remove Walker. That member was subsequently named to the 2000 Board after Walker had been removed.
Our review of a summary judgment is de novo:
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.
1997).
 I. Joinder
The Board first argues that the trial court's order must be set aside because, it says, Walker failed to join all the members of the 2000 board of directors, and the EVRC in its corporate form, as necessary defendants. This Court has previously recognized that all possible defendants need not be joined in order for the court to be able to make a proper adjudication.
 "Rule 19, Ala.R.Civ.P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23
(Ala. 1979). Where the parties before the court adequately represent the absent parties' interests and the absent parties could easily intervene should they fear inadequate representation, no reason exists why the trial court could not grant meaningful relief to the parties before the court. Ross v. Luton, 456 So.2d 249, 257 (Ala. 1984). Also, joinder of the absent parties is not absolutely necessary where determination of the controversy will not result in a loss to the absent parties' interest or where the action does not seek a judgment against them. Morgan Plan Co. v. Bruce, 266 Ala. 494, 497-98, 97 So.2d 805, 808 (1957). A defendant's delay and its self-serving purpose for raising the issue have also been held to be proper considerations in determining whether a judgment is proper in the absence of a particular party. J.R. McClenney Son, Inc. v. Reimer, 435 So.2d 50, 52 (Ala. 1983). See also, Geer *Page 337 Bros., Inc. v. Walker, 416 So.2d 1045, 1050
(Ala.Civ.App. 1982)."
Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala. 1991).
In her original complaint, Walker named eight members of the Board as defendants in this action. Six of the defendants were the 1999 Board members who had voted to remove Walker. One of the remaining two defendants had been placed on the Board after Walker was removed and the other was on the 2000 Board. Four members of the 1999 Board that had voted to remove Walker were also serving on the 2000 Board. In addition, the trial court allowed Walker leave to amend her complaint to include all of the directors of the 1999 and 2000 Boards as parties to this action. She subsequently joined four Board members as additional plaintiffs and three as additional defendants. One of the additionally named defendants was later dismissed from the lawsuit because she had resigned from the 2000 Board. All of the members of the 1999 and 2000 Boards were in fact joined as parties in Walker's lawsuit.
The named defendants represent the only interests of the Board that were contrary to Walker's interest. For the purposes of this litigation, we conclude that this lawsuit was one of a personal nature between Walker and the Board members. The Board also argues that the trial court erred by failing to require the joinder of the corporate entity EVRC. In support of this argument, the Board cites cases dealing with shareholder derivative actions, but those cases do not persuade us that the corporate entity has some distinct interest in this litigation that requires its joinder. See Byrd Cos., supra. This lawsuit is not a shareholder derivative action. See, e.g., General Motors Corp. v. Bell, 714 So.2d 268,290 (Ala. 1996), and Pegram v. Hebding, 667 So.2d 696, 702 (Ala. 1995). The Board was the proper entity for the trial court to direct to reinstate Walker. Article V, § 1, of the EVRC's bylaws states that "the business and affairs of the Corporation shall be managed by a Board of Directors." Thus, under the Board's management powers, the EVRC's interests were completely represented by the parties before the trial court. The trial court did not err by not requiring Walker to join the EVRC in its corporate form.
 II. Rule 65, Ala.R.Civ.P.
The Board argues that because Walker received injunctive relief, she was required to post security, under the terms of Rule 65(c), Ala.R.Civ.P. We have already recognized that the trial court's order contains language that is both declaratory and injunctive in nature. See
Ala. Code 1975, § 6-6-230, and our Berman discussion, supra. Because Walker did not request injunctive relief and the trial court granted it pursuant to its authority under the declaratory-judgment statute, §6-6-230, we cannot hold that security was required by Rule 65(c). Moreover, the injunctive relief the trial court ordered was permanent relief. This Court has held that "[n]o bond is required for the entry of an order granting a permanent injunction." Ross v. Luton, 456 So.2d 249,258 (Ala. 1984).
 III. Irreparable Injury
The Board also argues that Walker did not prove any irreparable injury that would support the issuance of an injunction. We therefore consider whether Walker's removal from the Board was an irreparable injury. In an analogous case, this Court has discussed the element of irreparable injury in the context of injunctive relief:
 "Ordinarily a court of equity will not interfere with the internal affairs of a voluntary association, or assume jurisdiction to restrain its acts done or attempted *Page 338 
in accordance with its rules and within the scope of its powers. On the other hand, if the act complained of is unauthorized or unlawful and occasions irreparable injury to the complainant member for which there is no adequate and complete remedy at law, equitable relief by way of injunction will be granted. 28 Amer. Jur. section 161, page 351.
 "But it is earnestly insisted that irreparable injury is not shown here.
 "It is perfectly clear that the threatened acts of the respondents are unauthorized, unlawful and in direct violation of the constitution of the society. As above pointed out, this court has ruled to the effect that complainant's membership . . . is a property right of value; that the constitution of the society is a contract between its members, and one that the society itself must observe until changed in legal form."
Medical Soc'y of Mobile County v. Walker, 245 Ala. 135, 140, 16 So.2d 321,325 (1944) (emphasis added). In light of the principles stated in MedicalSociety of Mobile County, the trial court could have properly concluded that Walker had suffered irreparable injury. Thus, we cannot reverse the trial court's order on the basis that the plaintiff had not shown an irreparable injury.
 IV. The Board's Authority to Remove Walker
The Board's final argument is that it was acting within its authority when it removed Walker. We first note that the passage of time has rendered moot the issue of the Board's authority to remove Walker from the remainder of her 1999 term.
 "[I]t is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow."
Breaux v. Bailey, 789 So.2d 204, 207 (Ala. 2000) (quotingSpence v. Baldwin County Sav. Loan Ass'n, 533 So.2d 192, 193
(Ala. 1988) (Maddox, J., concurring specially) (quoting Caldwell v. Loveless,17 Ala. App. 381, 382, 85 So. 307 (1920))). Thus, the only issue properly before us is whether the 1999 Board had the authority to bar Walker from serving on the Board for her 2000-2002 term.
It is well established that a court is a proper forum for a challenge to such an action by a board of directors. This Court has held that "[j]udicial review of an organization's actions is available to a member of the organization who challenges such action[s] on the grounds that [they do] not conform to the organization's constitution or [bylaws]."Mitchell v. Concerned Citizens of the CVEC, Inc., 486 So.2d 1283, 1287
(Ala. 1986) (citing Weatherly v. Medical Surgical Soc'y, 76 Ala. 567
(1884)). Also, "[t]his Court has recognized that the constitution and [bylaws] of both incorporated and unincorporated societies and associations are binding on the organization and members thereof if not in contravention of law or public policy." Mitchell, 486 at 1286 (citingWells v. Mobile County Bd. of Realtors, Inc., 387 So.2d 140 (Ala. 1980);Gulf South Conference v. Boyd, 369 So.2d 553 (Ala. 1979); and Weatherlyv. Medical Surgical Soc'y, supra).
Section 10-3A-35(d), Ala. Code 1975, discusses the removal of directors of nonprofit corporations, and that Code section applies to the EVRC. That statute states that "[a] director may be removed from office pursuant to any procedure therefor provided in the articles of incorporation." The only clause pertaining to removal of an EVRC director is found in the EVRC's *Page 339 
bylaws. Article V, § 7 of those bylaws states:
 "Whenever a vacancy in the membership of the Board of Directors occurs, the member receiving the next highest vote at the last election of Directors shall be appointed to serve the unexpired term. If a Director does not perform duties he/she was elected to perform (such as attending Board meetings) the other Directors have an obligation to remove that Director and may do so by a majority vote of the remaining Directors."
In relation to the binding effect of bylaws, this Court has stated:
 "It is well established that the constitution, bylaws, rules and regulations of a voluntary association constitute a contract between the association's members, which is binding upon each member so long as the bylaws, etc., remain in effect. Medical Society of Mobile County v. Walker, 245 Ala. 135, 16 So.2d 321 (1944). Any dispute between a voluntary association and one of its members concerning the construction or validity of the association's constitution, bylaws, rules and regulations constitutes a dispute as to the construction or validity of a written contract."
Wells v. Mobile County Bd. of Realtors, 387 So.2d 140, 142 (Ala. 1980). Because Article V, § 7, is the only bylaws provision that addresses the removal of a director, we conclude that it specifies the only basis for removing a director of the EVRC.
Our first rule governing the interpretation of the bylaws as contracts is to follow the plain language of the agreement:
 "General contract law requires a court to enforce an unambiguous, lawful contract, as it is written. P S Business, Inc. v. South Central Bell Telephone Co., 466 So.2d 928, 931 (Ala. 1985). See also McDonald v. U.S. Die Casting Development Co., 541 So.2d 1064
(Ala. 1989). A court may not make a new contract for the parties or rewrite their contract under the guise of construing it. Estes v. Monk, 464 So.2d 103
(Ala.Civ.App. 1985). . . .
". . . .
 "When interpreting a contract, a court should give the terms of the agreement their clear and plain meaning and should presume that the parties intended what the terms of the agreement clearly state. Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409 (Ala. 1993)."
Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 35-36 (Ala. 1998).
This language of Article V, § 7, plainly envisions that a director can be removed from his or her present service as a director. It does not mention, nor can one infer from its terms, that a director can be excluded from serving in a future term. Because Walker's three-year term of membership on the Board had not yet begun, she could not, in a literal sense, be removed from it.
We see no basis for construing the language of the EVRC bylaws to give the Board the power to remove — or bar — future directors. This Court has held: "Contracts will not be construed so as to render them oppressive or inequitable as to either party or so as to place one of the parties at the mercy of the other. . . ." G.F.A. Peanut Ass'n v.W.F. Covington Planter Co., 238 Ala. 562, 566, 192 So. 502, 506 (1939) (citing Little Cahaba Coal Co. v. Aetna Life Ins. Co., 192 Ala. 42,68 So. 317 (1915)). We refuse to give an "oppressive or inequitable" construction to the bylaws now before us. We make no judgment as to whether cause actually existed for Walker to be removed from the term she was then serving, but to allow a sitting Board the power to bar members from *Page 340 
serving future terms would be both oppressive and inequitable, especially in the absence of specific language investing the Board with such power. The trial judge properly held that Walker's prospective removal from the Board was invalid.
The order of the trial court declaring the action of the Board invalid and ordering that Walker be restored to the Board is affirmed.
AFFIRMED.
Moore, C.J., and See, Brown, and Stuart, JJ., concur.