PER CURIAM.
 

 Colony Insurance Company appeals from a summary judgment entered in favor of Alabama Heat Exchangers, Inc. (“AHE”), and Olin Corporation in an insurance-coverage dispute. We dismiss the appeal as moot.
 

 Background
 

 On March 5, 2005, Olin Corporation sued AHE and OneBeacon American Insurance Company in the Washington Circuit Court (“the underlying action”). In its complaint, Olin alleged that AHE had manufactured and sold to Olin specially designed “heat exchangers” and that Olin had installed some of those heat exchangers in its “Chlor Alkali” manufacturing plant. Olin alleged not only that certain of the installed heat exchangers were faulty but that it had also purchased additional heat exchangers that had not yet been installed in Olin’s plant. Olin also alleged that, during AHE’s manufacture of those heat exchangers, OneBeacon had inspected them and had certified that they had been manufactured in accordance with all applicable national standards. According to Olin, the heat exchangers failed to meet those national standards.
 

 In its complaint, Olin asserted various claims against AHE arising out of the design, manufacture, and sale of the heat exchangers and the alleged defects subsequently discovered in the installed and uninstalled heat exchangers. Olin asserted distinct claims against OneBeacon based on Olin’s alleged reliance on One-
 
 *679
 
 Beacon’s inspection and certification of AHE’s design and manufacturing process.
 
 [1]
 

 During the period pertinent to Olin’s claims, AHE was insured under a commercial general liability (“CGL”) policy of insurance issued by Colony. Colony undertook, under a reservation of rights, to defend AHE against Olin’s claims against it; the record before this court does not contain a copy of any reservation-of-rights letter. On June 9, 2005, Colony filed a complaint in the Mobile Circuit Court naming AHE, Olin, and OneBeacon as defendants; in that action, Colony sought a judgment declaring the rights and liabilities of the parties under the CGL policy and called into question its obligation to defend and indemnify AHE against the claims asserted by Olin against AHE in the underlying action.
 

 In August 2005, Colony and OneBeacon filed a joint motion to dismiss OneBeacon as a party to the declaratory-judgment action.
 
 [2]
 
 On September 8, 2005, the Mobile Circuit Court granted that joint motion, dismissing OneBeacon as a party without prejudice. After entry of that order, One-Beacon did not participate further in the declaratory-judgment action.
 

 On November 19, 2007, after briefing and oral arguments, the Mobile Circuit Court entered a judgment declaring that Colony owed a duty to defend AHE against the claims asserted by Olin in the underlying action and to indemnify AHE if necessary. Colony timely appealed from that judgment to the Alabama Supreme Court, challenging the Mobile Circuit Court’s resolution of the insurance-coverage questions raised by Colony. Pursuant to Ala.Code 1975, § 12-2-7(6), our supreme court transferred the appeal to this court.
 

 While this appeal was pending, OneBea-con filed a cross-claim against AHE in the underlying action in the Washington Circuit Court. In that cross-claim, OneBeacon asserted that it was entitled to indemnification from AHE for any liability imposed upon OneBeacon as a result of Olin’s claims.
 

 On October 15, 2008, Olin moved to be dismissed as a party to this appeal. Olin asserted that it had settled its claims against AHE and OneBeacon and that Colony had made a substantial contribution to the settlement of those claims. Olin also asserted that, pursuant to a joint stipulation of dismissal, the Washington Circuit Court had dismissed with prejudice all of Olin’s claims against AHE and OneBeacon in the underlying action. As a result of the settlement of the claims against AHE and OneBeacon in the underlying action, Olin claimed that the issues raised on appeal by Colony were rendered moot. In support of its motion to dismiss, Olin submitted a copy of a “General Release”; copies of drafts made payable to Olin by
 
 *680
 
 Colony; and the order of dismissal, entered by the Washington Circuit Court, of Olin’s claims asserted against AHE and OneBeacon in the underlying action.
 

 Colony did not oppose the dismissal of Olin as a party to this appeal, or dispute the allegations made by Olin, or dispute the accuracy of the information contained in the documents submitted by Olin in support of the motion to dismiss. As a result, this court granted Olin’s motion, dismissing it from the appeal. Colony, however, asserted that the coverage issues raised on appeal were not moot. Colony asserted that, since the filing of Colony’s appeal, OneBeacon had filed in the underlying action a cross-claim against AHE. Thus, Colony asserted, the appeal was not moot between it and AHE because, Colony argued, a justiciable controversy remained pending in the underlying action that was directly affected by the erroneous ruling of the Mobile Circuit Court on the coverage question. In support of its response, Colony attached a copy of OneBeacon’s cross-claim asserted against AHE in the underlying action.
 

 On October 21, 2008, AHE filed its own motion to dismiss, asserting that the issues on appeal were moot as a result of the settlement of Olin’s claims in the underlying action. AHE incorporated by reference all the arguments and citations to evidence and authority asserted in Olin’s motion to dismiss. Colony opposed AHE’s motion to dismiss, again asserting that the issue whether OneBeacon’s cross-claim gave rise to a duty to defend and indemnify AHE presented a justiciable controversy on appeal. In its briefs, however, Colony continued to argue that it owed no duty to indemnify AHE for liability incurred as a result of
 
 Olin’s
 
 claims.
 

 Analysis
 

 As the case stands before us, a justicia-ble controversy no longer exists between Colony and AHE. In
 
 Siegelman v. Alabama Association of School Boards,
 
 819 So.2d 568, 575-76 (Ala.2001), the Alabama Supreme Court dismissed an appeal in part, stating:
 

 “ ‘The necessary requisite to appellate jurisdiction is the existence of an actual controversy; therefore it is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow. Nor is it the province of this court to consider a fictitious case, submitted merely for the purpose of testing the right to do a particular thing.
 

 “ ‘The general rule is,
 
 if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal may be dismissed.
 
 There are many instances in which such condition may arise. It may arise by the act of the appellant himself ..., or it may likewise arise by the act of the appellee, as where, pending the appeal, he does, or relinquishes the right to do, some act in respect to which the appeal was taken. ...
 
 The condition may also arise from the act of the court a quo, that is to say, from some order or judgment in the case pending the appeal, which is made by the court, which renders the determination of the questions presented by the appeal unnecessary
 
 .... It may also arise by an act of law.... And it has been held that mere lapse of time may create this condition....
 
 Similarly it arises where a litigation has ceased to be between parties having adverse interests, etc.
 
 It has also been held, where all substantial interest in the contro
 
 *681
 
 versy has been parted with or extinguished, the court will not hear the appeal merely to determine the rights to costs. ... ’
 

 “Caldwell v. Loveless,
 
 17 Ala.App. 381, 382, 85 So. 307, 307-08 (1920) (emphasis added).”
 

 The coverage dispute between Colony and AHE, as presented to and as decided by the Mobile Circuit Court, was rendered moot when Colony accepted responsibility for and entered into the unconditional settlement of Olin’s claims against AHE.
 
 [3]
 

 See, e.g., Mitchum, v. Hudgens,
 
 533 So.2d 194, 201-02 (Ala.1988) (“ ‘ “In a reservation-of-rights defense, it is the insured who may pay any judgment or settlement. Therefore, it is the insured who must make the ultimate choice regarding settlement.” ’ ” (quoting
 
 L & S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.,
 
 521 So.2d 1298, 1303 (Ala.1987), quoting in turn
 
 Tank v. State Farm Fire & Cas. Co.,
 
 105 Wash.2d 381, 389, 715 P.2d 1133, 1138 (1986))). By unconditionally agreeing to the settlement of Olin’s claims asserted against AHE in the underlying action, Colony voluntarily agreed to indemnify AHE against those claims. In exchange for that indemnification, AHE (and Colony) received a full release from Olin as to any and all further liability “arising from or in any way related to” the heat exchangers made the subject of underlying action in the Washington Circuit Court. Thus, the settlement negated any need for a defense of AHE against Olin’s claims and negated the need for any further indemnification of AHE against Olin’s claims.
 

 Whether the Mobile Circuit Court correctly decided that Colony had a duty to defend and indemnify AHE against Olin’s claims was the very issue raised by Colony on appeal. “The general rule is that if, pending an appeal, an event occurs that makes determination of the case unnecessary, the appeal will be dismissed.”
 
 In re Involuntary Commitment of Skelton,
 
 777 So.2d 148, 149 (Ala.Civ.App.2000).
 
 See also State ex rel. Eagerton v. Corwin,
 
 359 So.2d 767, 769 (Ala.1977) (“We have held that where an event occurs which renders a case moot prior to this court considering the appeal it will be dismissed because a decision is not necessary.”). Because the settlement in the underlying action, which occurred after the appeal was filed, has rendered a decision by this court unnecessary, the issues raised in Colony’s appeal as to any dispute between Colony and AHE are moot.
 

 We also reject Colony’s argument that the cross-claim asserted by OneBea-con against AHE in the underlying action presents a justiciable controversy and saves this appeal from mootness. As noted above, Colony has appealed from a judgment in which the Mobile Circuit Court determined the rights and liabilities of Colony, AHE, and Olin under the CGL policy issued to AHE, in light of the claims asserted by Olin against AHE. That judgment, however, did not purport to consider and determine Colony’s rights and liabilities as to the claim asserted by OneBeacon against AHE after this appeal was initiated. Whether the allegations asserted by OneBeacon against AHE in the cross-claim in the underlying action give rise to a duty to defend and indemnify was neither raised in the Mobile Circuit Court action nor adjudicated in the Mobile Circuit Court’s final judgment, and, thus, that issue is not properly before this court on
 
 *682
 
 appeal.
 
 [4]
 
 “ ‘It is a well established rule that, with limited exceptions, an appeal will he only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ ”
 
 Crutcher v. Williams,
 
 12 So.3d 631, 636 (Ala.2008) (quoting
 
 Taylor v. Taylor,
 
 398 So.2d 267, 269 (Ala.1981)). Because the judgment from which Colony appealed did not purport to address Colony’s obligation to defend and indemnify AHE against OneBeacon’s claim, that issue is not before this court in this appeal.
 

 APPEAL DISMISSED.
 

 All the judges concur.
 

 [1]
 

 . In its complaint, Olin asserted against AHE claims of breach of contract; breach of express warranty; breach of an implied warranty of merchantability pursuant to Ala.Code 1975, § 7-2-314; breach of an implied warranty of fitness for a particular purpose pursuant to Ala.Code 1975, § 7-2-315; negligence; negligent misrepresentation; breach of express warranty as to uninstalled equipment; breach of an implied warranty of merchantability as to uninstalled equipment; breach of an implied warranty of fitness for a particular purpose as to uninstalled equipment; and a claim under Alabama’s Extended Manufacturer's Liability Doctrine. Against OneBeacon, Olin asserted claims of negligent misrepresentation; negligence; fraud; and negligence per se.
 

 [2]
 

 . In the joint motion to dismiss, Colony and OneBeacon stated: “OneBeacon agrees to [be] bound by the Court’s determination of whether Colony owes insurance coverage to its insured, Alabama Heat Exchangers, Inc., under the Colony policy.”
 

 [3]
 

 . Although the “General Release” contained stipulations and reservations of claims in favor of certain entities, the release did not preserve any rights in favor of Colony against AHE.
 

 [4]
 

 . We also note that OneBeacon was dismissed as a party to the declaratory-judgment action at Colony’s request, is not named as a party to this appeal, and has not been served with the notice of appeal or the briefs filed with this court.