SHAW, Justice
(concurring in part and concurring in the result in case nos. 1130987 and 1131021).
I concur as to Parts III, V, VI, VII, and VIII. For the reasons discussed below, I concur in the result as to Parts I, II, IV, IX, and X. I also concur to affirm the trial court’s denial of the motion to intervene filed by the scholarship parents.
Part I holds that the later legislative developments could not cure any procedural defects in the passage of House Bill 84. Because the main opinion holds that there *144 were no procedural defects in the first place, I believe that any analysis as to whether the defects could be cured by subsequent action is hypothetical and thus dicta.[14] Therefore, I concur, in the result as to Part I.
I also concur in the result as to Parts II and IV. I agree that an analysis concerning whether the passage of House Bill 84 violated Ala. Const.1901, Art. IV, §§ 61 and 45, does not present a political question. However, I have serious concerns as to whether compliance with the three-readings requirement of § 63 might present such a nonjusticiable issue. The plain language of this section, merely requires that a bill be read on three different days in each house of the legislature. This is a purely procedural requirement; and Ala. Const.1901, Art. IV, § 53, vests the legislature with the power to determine the rules of its proceedings. What it mean's to properly read a bill is a matter 'within the inherent and internal decision-making process of the legislature, and the Alabama Constitution places no limit on the legislature’s authority with respect to compliance with this portion of § 63. My concern is that a determination of whether a bill was properly read under § 63 is no different' than a determination of whether,' as also required by the section, a bill received a majority vote of each house, which this Court held in Birmingham-Jefferson Civic Center Authority v. City of Birmingham, 912 So.2d 204 (Ala.2005), to be a nonjusti-ciable political question. Here, however, House Bill 84 was actually read three times in each house, which is all the face of § 63 requires. Therefore, I hesitate to examine the issue- any further.
I express no opinion as to Parts IX and X, addressing counts IX and X in the complaint, which still remain pending in the trial court.[15]

. I also see no need to overrule prior case-law if such hás no impact in this case.

. Specifically, the plaintiffs did not move for á judgment on the pleadings as to these counts, and there is no judgment in the record adjudicating them. To the extent it might be argued that the judgment before us is not final, I note that the ruling on the plaintiffs' Rule 12(c), Ala. R. Civ. P., motion formed the basis of the injunctive relief they sought. See Rule 4(a)(1)(A), Ala. R.App. P. (providing for an appeal as of right to our appellate courts “from ... any interlocutory order granting, continuing, modifying,' refusing, or dissolving an injunction”). A review of the trial court’s judgment on the pleadings seems to me to be a proper method to determine whether the injunction should have been granted, specifically, whether the plaintiffs demonstrated “success on the merits.” Walden v. ES Capital, LLC, 89 So.3d 90, 105 (Ala.2011). See, e.g., Dawkins v. Walker, 794 So.2d 333 (Ala.2001) (reviewing, under Rule 4(a)(1)(A), a ruling on a motion for summary judgment that formed the basis for an injunction).