Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

## CL-2024-0811

————————————————

**David S. Yates, Abigail V. Yates, and Bobby Jerry Yates**

**v.**

**Federal Home Loan Mortgage Corporation and Freedom Mortgage Corporation**

**Appeal from Shelby Circuit Court**
**(CV-23-900293)**

LEWIS, Judge.

David S. Yates, Abigail V. Yates, and Bobby Jerry Yates appeal from an order entered by the Shelby Circuit Court ("the circuit court") granting a motion filed by Federal Home Loan Mortgage Corporation

("Fannie Mae") requesting that the Yateses be required to deposit mortgage payments into the circuit court pending a final judgment.

Procedural History

On May 1, 2023, Fannie Mae filed a complaint in the circuit court asserting

> "that by virtue of foreclosure on April 11, 2023, of that certain Mortgage originally between [the Yateses] and Mortgage Electronic Registration Systems, Inc. solely as nominee for Fairway Independent Mortgage Corporation, transferred and assigned to Freedom Mortgage Corporation, further sold to [Fannie Mae] are the owners of the [certain] real property located and situated in Shelby County, Alabama [('the property')]."

Fannie Mae further averred that it had served upon the Yateses a written notice to vacate the property, that the Yateses had failed to vacate the property, and that the Yateses would lose the right to redeem the property if they did not vacate and deliver possession of the property by May 11, 2023. Fannie Mae requested that the circuit court award it possession of the property and the right "to seek and recover all mesne profits and damages for waste or any other injury to the lands, to be computed up to the time … possession is restored."

On August 29, 2023, the Yateses filed an answer, a counterclaim requesting that the circuit court quiet title against Fannie Mae, and a

2

CL-2024-0811

third-party claim against Freedom Mortgage Corporation for breach of contract and wrongful foreclosure. On September 25, 2023, Fannie Mae filed a reply to the counterclaim. On September 27, 2023, Freedom Mortgage Corporation filed a reply to the third-party claim.

On June 14, 2024, Fannie Mae filed a motion requesting that the Yateses be required to deposit mortgage payments into court pending a final judgment. On August 20, 2024, the circuit court entered an order ("the escrow order") stating: "MOTION TO REQUIRE DEFENDANTS TO DEPOSIT FUNDS WITH COURT filed by FEDERAL HOME LOAN MORTGAGE CORPORATION is hereby GRANTED." (Capitalization in original.) On August 20, 2024, the Yateses filed a motion to vacate the escrow order arguing, among other things, that there was no hearing or evidence presented and that the order is an injunction that does not meet the requirements of Rule 65, Ala. R. Civ. P. Fannie Mae and Freedom Mortgage Corporation thereafter filed a response in opposition to the motion to vacate. The Yateses then filed a reply to that response.[1]

---

[1]The circuit court did not rule on the Yateses' motion to vacate. We note that, "[b]ecause the [escrow] order was not a final judgment, [the Yateses'] motion to … vacate that order was not a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P." State Farm Mut. Auto. Ins. Co. v.

3

On September 3, 2024, the Yateses filed a notice of appeal with the Alabama Supreme Court. On October 18, 2024, our supreme court entered an order stating, in pertinent part:

> "It appearing to this Court, based on Coprich v. Jones, [Ms. 2023-0675, June 21, 2024] __ So. 3d __ (Ala. 2024), that the above-styled cause is within the original appellate jurisdiction of the Alabama Court of Civil Appeals under § 12-3-10, Ala. Code 1975,
>
> "IT IS ORDERED that this cause is TRANSFERRED to the Court of Civil Appeals.
>
> "IT IS FURTHER ORDERED that, if the Court of Civil Appeals discovers that the amount involved in the cause exceeds $50,000 and, thus, falls within the original appellate jurisdiction of the Alabama Supreme Court pursuant to § 12-2-7, Ala. Code 1975, then this cause is TRANSFERRED to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala. Code 1975."

(Capitalization in original.)

<u>Discussion</u>

On appeal, the Yateses argue that the escrow order is in the nature of a preliminary injunction and that the circuit court failed to meet the requirements for entering a preliminary injunction regarding notice,

---

Pettway, [Ms. CL-2023-0501, Mar. 29, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024).

opportunity to be heard, security, and the form and scope of the order. Fannie Mae and Freedom Corporation, on the other hand, argue that the escrow order is not in the nature of a preliminary injunction but, instead, is an interlocutory order not subject to an appeal.

Recently, in Coan v. Championship Property, LLC, [Ms. SC-2023-0740, May 31, 2024] ___ So. 3d ___ (Ala. 2024) (plurality opinion), our supreme court considered an appeal filed by Crystal Kaye Coan ("the pre-foreclosure-sale mortgagor") from an order holding her in contempt for failing to comply with an order requiring her to deposit mortgage payments into court pending a final judgment in an action seeking to eject her from the foreclosed property. In determining whether the contempt judgment was reversible, our supreme court considered an issue of first impression -- whether a circuit court had the authority to require a pre-foreclosure-sale mortgagor to deposit mortgage payments into court pending a final judgment on an ejectment action. The plurality opinion, authored by Justice Sellers, reasoned that, "under the facts and circumstances presented here, the trial court properly entered the … order [requiring the payment into court of the monthly mortgage payments], which was designed as an equitable remedy to maintain the

status quo." <u>Coan</u>, ___ So. 3d at ___. The opinion then went on to address the contempt order and sanctions. No justice concurred in the rationale with respect to upholding the order as an equitable remedy.

Justice Cook, in his special writing, concurring in part and concurring in the result in part, wrote that the order requiring the pre-foreclosure-sale mortgagor to pay monthly payments into court was an interlocutory injunction and that the order failed to comply with the requirements set forth in Rule 65. Justice Cook noted, however, that because the pre-foreclosure-sale mortgagor failed to timely appeal from the order, she waived any argument with respect to that order. Therefore, Justice Cook opined that the order should be enforced. Three Justices concurred with Justice Cook's opinion.

Because the appeal in <u>Coan</u> was from a contempt order and not from the order requiring the payment into court of the monthly mortgage payments, the issue whether the latter order was an injunction was not necessary to the resolution of the appeal. However, in the present case, the appeal is from the escrow order entered on August 20, 2024, and the issue of this court's appellate jurisdiction turns on whether the escrow

order was an injunction. If the escrow order was not an injunction, then it was simply an interlocutory order from which no appeal would lie.

In Justice Cook's special writing, he explained:

"I believe that the … order [requiring the payment into court of the monthly mortgage payments] operated as a preliminary injunction because it commanded [the pre-foreclosure-sale mortgagor] to deposit $800 monthly payments with the clerk of the trial court. See Lem Harris Rainwater Fam. Tr. v. Rainwater, 344 So. 3d 331, 335 (Ala. 2021) (explaining that an 'order [is] injunctive in nature' when 'it command[s] the parties to take specific action'); Kappa Sigma Fraternity v. Price-Williams, 40 So. 3d 683, 690 (Ala. 2009) ('"An injunction is defined as '[a] court order commanding or preventing an action.'"' (quoting Black's Law Dictionary 788 (7th ed. 1999))); Dawkins v. Walker, 794 So. 2d 333, 335 (Ala. 2001) ('Because the order [in question] direct[ed a party] to take action, ... we conclude that the order, though styled [otherwise,] was injunctive in nature.'). Additionally, the main opinion notes that the … order 'was designed as an equitable remedy to maintain the status quo' and that 'the trial court made clear in the escrow order that it intended to "properly award any accumulation" of the escrowed funds at the conclusion of the action.' ___ So. 3d at ___, ___ (emphasis added). Our Court has previously recognized that such an order is in alignment with a preliminary injunction. See Irwin v. Jefferson Cnty. Pers. Bd., 263 So. 3d 698, 702-03 (Ala. 2018) ('[T]he purpose of ... preliminary injunctive relief is to maintain the status quo pending the resolution of the action on its merits.' (emphasis added))."

___ So. 3d at ___. We agree with Justice Cook's well-reasoned analysis and therefore adopt it in this opinion. Based on that analysis, we hold

7

that an order requiring a party to deposit mortgage payments into court pending a final judgment operates as a preliminary injunction for the purpose of maintaining the status quo pending a determination of the merits of the action.

Because the escrow order in this case was a preliminary injunction, the circuit court was required to comply with the requirements set forth in Rule 65. Rule 65 provides, in pertinent part:

> "(a) Preliminary Injunction.
>
> > "(1) Notice. No preliminary injunction shall be issued without notice to the adverse party.
> >
> > "(2) Consolidation of Hearing With Trial on Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.
>
> "....
>
> "(c) Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the

applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained; provided, however, no such security shall be required of the State of Alabama or of an officer or agency thereof, and provided further, in the discretion of the court, no such security may be required in domestic relations cases.

"The provisions of Rule 65.1[, Ala. R. Civ. P.,] apply to a surety upon a bond or undertaking under this rule.

"(d) Form and Scope of Injunction or Restraining Order.

"(1) Every order granting a restraining order shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

"(2) Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

9

In this case, the circuit court clearly failed to comply with the requirements for preliminary injunctions set forth in Rule 65. Therefore, we reverse the escrow order and remand this cause for further proceedings consistent with Rule 65 and this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.